**WARNER et, Plaintiffs-Appellees, v. MATTHEWS, Defendant-Appellant.**

Ohio Appeals, Second District, Franklin County.

No. 3902. Decided June 21, 1946.

E. W. Dillon, Columbus, for Plaintiffs-Appellees.
L. P. Henderson, Columbus, for Defendant-Appellant.

## OPINION

By HORNBECK, PJ.

This is an appeal on questions of law from a judgment of the Common Pleas Court affirming a judgment of the Municipal Court of the City of Columbus in behalf of plaintiffs-appellees, in the sum of $960.00. The action was instituted by the filing of a petition to which a demurrer was filed and sustained and, thereafter, an amended petition was filed to which a general demurrer was interposed and overruled. The defendant then answered and the cause was tried by a Judge, without a jury.

In this Court the errors assigned are three:

1. The Court of Common Pleas erred in sustaining the judgment of the Municipal Court.

2. The Court of Common Pleas erred in holding that the amended petition stated a cause of action against the defendant-appellant, a co-tenant.

3. Other errors apparent upon the face of the record.

No bill of exceptions was settled and allowed and we,

therefore, may consider no question which would involve the evidence or the weight thereof. Nor may we consider any legal question presented on the subject matter of the original petition. **Ironton v Wiehle, 78 Oh St 41; 84 N. E. 425.** The amended petition being complete in form and subject matter, the rights of the parties on this record are to be determined upon its averments and subsequent proceedings relative thereto.

The second assignment of error requires the determination whether or not the demurrer to the amended petition was properly overruled. The demurrer raises the question of the jurisdiction of the Municipal Court to hear and determine the questions raised by the amended petition. There is a question whether or not the amended petition suggests such a relation between the plaintiffs and the defendant, Grady Matthews, as co-tenants of the property in question as to make the action upon which recovery is sought necessarily one in equity.

The cases of **Conard v Conard, 38 Oh St 467,** and **West v Weyer, 46 Oh St 66,** lend considerable support to the claim that the right of action accorded one tenant in common against his co-tenant by §12046 GC is an equitable right of action. The per curiam in Conard v Conard says that the action granted by the statute is "a civil action in which neither party has a right to demand a trial by a jury," and that it may be appealed. This case was decided when an appeal contemplated a review of a chancery case only. The Court, however, then continues in language that discloses its observations were being made particularly with respect to the issues in the case then under consideration which it held to be not an action for the recovery of money merely, but an action according to the principles of equity. In **Black, Rec., v Boyd, 50 Oh St 46,** at page 56, Judge Bradbury writing the opinion made an interesting observation respecting the scope of the statute. After quoting from the Conard case he says:

"That statute (now §12046 GC) authorizes a recovery by civil action 'according to the justice and equity of the case.' The word 'equity' was evidently employed here in its broader sense, as being consonant to natural right, not in its technical sense for the purpose of conferring jurisdiction. The remedy given was a civil action, leaving its character—whether legal or equitable—to be determined by the nature of the relief that should be appropriate to the particular circumstances of each case. In that case (Conard v. Conard, supra)

the ultimate relief sought was money only. This Court, in sustaining the right of appeal, does not place that right upon the ground that the statute prescribed a suit in equity, but upon the ground that the record did not disclose an action for money only."

We are not prepared to say that the enabling provisions of §12046 GC restrict actions thereunder to equity. It is conceivable that there may be an action under the statute which is legal in all of its aspects and the instant case may have developed such a state of facts and the cause may have proceeded strictly upon a claim for the fair rental value of the interest of the plaintiff in the premises under consideration.

The amended petitions aver that each plaintiff is the owner of an undivided one-sixth interest in fee simple of the premises described and that the defendant is the owner of an undivided four-sixths interest in said property and that he has occupied said premises for a period of seven and three-fourths years and has paid no rent or other compensation of any kind to the plaintiff therefor; that the reasonable value of the property is $4000.00 and the reasonable value of each plaintiff's share of the property is $80.00 per year.

The answer of defendant sets up three defenses to such petition:

1. That the amended petition does not state a cause of action.

2. That the court is without jurisdiction to determine the questions attempted to be raised by the amended petition.

3. A denial of each and every allegation set forth in the amended petition.

This specific denial reaches the averments of the amended petition that each plaintiff is the owner of an undivided one-sixth interest in the premises described and that the defendant is the owner of an undivided four-sixths interest therein. This third defense brings into consideration §10232 GC and **Par. 6** thereof:

"Justices shall not have cognizance of any action in which the title to real estate is sought to be recovered, or may be drawn in question, except in the cases provided for in the next preceding section."

We have recently considered the application of this paragraph of §10232 GC to the jurisdiction of the Municipal Court

of the City of Dayton in Lynam v. Schuler, No. 1891, Montgomery County, decision rendered May 22, 1946, not yet reported but available in the reports of the cases in our office in Franklin County. We there held- that the Municipal Court has no jurisdiction where there is a distinct bona fide issue on the question of title, citing, among other cases, **Brown, Guardian, v Burdick, 25 Oh St 260.**

If the factual development in the trial of the cause raised any issue to support the denial of the title of the plaintiffs, then, clearly, the second defense was well made and the Court at that juncture should have refused to determine the issue and dismissed the action. However, the proof may have disclosed that there was no issue of fact notwithstanding the issue made by the pleadings. If so, the question of title was not involved. Every intendment must be indulged to support the correctness and validity of the finding and judgment of the trial Court. We may not say that the record of the testimony, if available, would not support the judgment.

The construction of §12046 GC which we adopt on this appeal, in our judgment, is practical and necessary. It would be a harsh and unjust rule to hold that in a forcible entry and detainer suit or in any action wherein it is incumbent upon plaintiff to plead and prove his title, a defendant may by the mere act of setting up a denial of such an averment deprive the Court of its jurisdiction to hear the cause.

The test must be whether the factual development affords any support for the issue made on the question of title. If it does, then the statute must be given application.

In this case, if it be assumed that the record undisputed disclosed the person from whom the title of plaintiffs to the premises in question was inherited, died without will and leaving the defendant, her widower, and two children, then manifestly unless they had conveyed their interest, they were seized of a definite interest in said real estate as a matter of law.

Without the record disclosing that the trial Judge passed upon a factual dispute involving title to the premises described in the amended petition, we would not hold that such an issue was projected into the cause.

No prejudicial error appearing upon the record as it comes to us, the judgment will be affirmed and cause remanded.

WISEMAN and MILLER, JJ, concur.