OLDS, Exr. AND TRUSTEE, APPELLEE, *v.* MORSE,
APPELLANT.

(No. 4416—Decided February 17, 1954.)

*Mr. James Olds,* for appellee.
*Messrs. Bailey & Bailey,* for appellant.

DOYLE, P. J. This is an action of forcible entry and detainer, commenced in the Municipal Court of Akron by James Olds, executor and trustee, appointed pursuant to the probate of the will of Prudence Grace Reed, deceased, and is directed against Gerald E. Morse, who occupied a house, owned by the deceased at the time of her death, under a month-to-month tenancy, and who continued thereafter to possess the premises under circumstances which will be later stated.

The Municipal Court entered its judgment against the defendant, Gerald E. Morse, and ordered restitution of the premises to the plaintiff. Upon appeal to the Court of Common Pleas of Summit County, the judgment was affirmed. Further appeal has brought the case to this court for review of the judgment of affirmance of the Court of Common Pleas.

In this court, the appellant, Morse, challenges the right of the plaintiff trustee to bring the action in the Municipal Court of Akron. He charges in effect that the trustee was not entitled in law to receive the rent payment; that he was not in default because he paid the rent to the only heir of the decedent; that the trustee was not his landlord; and that a will contest action had been filed. The appellant further contests the right of the Municipal Court to entertain jurisdiction of the cause, on the ground that title to real property was in dispute. To these questions we now direct our attention.

The record shows the following item in the will of the dead lady:

"Item II: I give, devise and bequeath all of my property, real and personal, of whatever kind and character and wherever situated, which I have the right to dispose of at the time of my decease, to James Olds, in trust for the following purposes:

"(a) All of the income from and increase of said property shall be paid, delivered and given over to my son, Harold Reed, or he shall be entitled to, and have the use and enjoyment of, all or any part of said property, at the sole discretion of the trustee, during the lifetime of my son, Harold Reed."

It further appears in the record that the tenant, following the death of the owner, paid the rent to Harold Reed, the life beneficiary (in spite of demand for it by the trustee), who in turn paid the taxes, insurance, etc., on the property, and kept the balance, although the tenant had notice and full knowledge of the death of his landlord and the testamentary devise in the will. The record further reveals that the life beneficiary under the will is the sole heir of the deceased, and had instituted an action to contest the will.

1. The will is bare of any intention of the testator other than that the title to the property should vest immediately in the trustee and be used for the purposes stated. Under the law of this state, the legal title to the real property devised to the trustee vested immediately in him upon the probate of the will and related back to the time of the death of the testator. See 41 Ohio Jurisprudence, Wills, Section 729, and cases therein cited.

2. The instrument which created the trust, imposed upon the trustee certain duties, and the trustee, after accepting the trust, was bound to administer it in accordance with the directions given. Under the instrument, he was obligated to so administer the trust that an income could be derived therefrom, not only for the

benefit of the life beneficiary, but for use in preserving the property for the benefit of the residuary legatees or devisees after the life interest had terminated. It thus became his duty to collect and account for the rents.

3. The death of a lessor does not terminate a lease from month to month, and the reversion under a will passes to the devisee of the property; and the new owner of the fee becomes the landlord in the place of the decedent. 24 Ohio Jurisprudence, Landlord and Tenant, Section 399; 32 American Jurisprudence, Landlord and Tenant, Section 95; and cases cited therein. The trustee therefore became the new landlord, and became possessed of all rights in respect to the leased premises that had been previously given by law to his deceased predecessor in title. It thus follows that, upon the refusal of the tenant, after notice, to pay the rent to the person entitled thereto, the said tenant was in default. Payment to a stranger, even though the stranger had a beneficial interest in the property, was not payment under the tenancy.

4. Did the Municipal Court of Akron have jurisdiction to hear and determine the action in forcible entry and detainer?

The Municipal Court Act in Section 1594, General Code (now Section 1901.18, Revised Code), gave the Municipal Court of Akron original jurisdiction within its territory "(A) In any civil action, of whatever nature or remedy, wherein justices of the peace now have or may hereafter be given jurisdiction." Justices of the peace were, by virtue of Section 10224, General Code (now Section 1909.02, Revised Code), specifically given jurisdiction in actions in forcible entry and detainer. However, in Section 10232, General Code (now Section 1909.10, Revised Code), the justice court was specifically denied jurisdiction "6. In ac-

tions in which the title to real estate is sought to be recovered, or may be drawn in question, except in the cases provided for in the next preceding section." (The provisions of the "next preceding section" did not measure the instant case.)

At this point in our discussion, it is proper to conclude that, unless the title to the real estate was drawn in question, or unless the fact that the will was being contested at that time is of importance, the trial court had jurisdiction.

Section 10509-22, General Code (now Section 2113. 21, Revised Code), related to the powers of executors, of administrators with the will annexed, and of testamentary trustees, during a will contest. Nothing in this section disturbed the law heretofore stated, relating to the passing of title to real property to a named devisee upon the probate of the will. Nor did it affect the rules of law relative to the rights of a testamentary devisee of real property subject to a month-to-month tenancy from becoming and standing in the shoes of a deceased landlord.

Was the title to real estate drawn in question?

An undisputed fact in the record before us is a testamentary disposition of the legal title to the property in question to the plaintiff in this case. This conclusion is supported by the case of *Brown, Guardian,* v. *Burdick,* 25 Ohio St., 260, wherein the following statement appears:

"1. A copy of the probate and record of a will duly certified by the probate judge, is conclusive evidence of the validity of the will, on the trial of a collateral issue, between a stranger and the devisee respecting the property devised; and is admissible as evidence on the trial of such issue, notwithstanding proceedings to contest it may be pending at the time it is offered and admitted as evidence."

In our examination of the question of: "When is the title to real estate drawn in question?" we have examined with interest the following two cases: *Lynam* v. *Schueler,* 79 Ohio App., 101, 68 N. E. (2d), 114, and *Warner* v. *Matthews,* 79 Ohio App., 111, 69 N. E. (2d), 59. We agree with the pronouncements therein contained, in respect to the legal effect of the statute in question, and we declare, as did the court in those cases, that, if the factual development in the trial of a cause of forcible entry and detainer raises any issue to support a denial of the title in the plaintiff, then the court should refuse to determine the issue of title and dismiss the case for lack of jurisdiction. If, however, in spite of a defendant's denial of title in the plaintiff, the proof discloses no issue of fact respecting title to the property, the question of title is not involved, and the Municipal Court, as would the justice of the peace court, have jurisdiction to determine a cause of the kind here under consideration.

We adopt for this opinion a statement taken from *Warner* v. *Matthews, supra* (at p. 115):

"* * * It would be a harsh and unjust rule to hold that in a forcible entry and detainer suit or in any action wherein it is incumbent upon plaintiff to plead and prove his title, a defendant may by the mere act of setting up a denial of such an averment deprive the court of its jurisdiction to hear the cause. The test must be whether the factual development affords any support for the issue made on the question of title. If it does, then the statute must be given application."

If it does not, the statute does not apply.

5. The undisputed facts in the case now before us (the probate of the will and the testamentary devise to the trustee Olds) did not raise the question of title in the plaintiff, and the court had jurisdiction to determine the cause.

6. Examination has been made of all errors assigned, and we find none of a prejudicial nature.

The judgment will therefore be affirmed.

*Judgment affirmed.*

Hunsicker and Hurd, JJ., concur.

Hurd, P. J., of the Eighth Appellate District, sitting by designation in place of Stevens, J.