[Cite as *Copen v. CRW, Inc.*, 2017-Ohio-349.]

STATE OF OHIO      )          IN THE COURT OF APPEALS
                       )ss:      NINTH JUDICIAL DISTRICT
COUNTY OF WAYNE    )

TOMMY COPEN                  C.A. No.      15AP0034

    Appellant

    v.                      APPEAL FROM JUDGMENT
                           ENTERED IN THE
CRW, INC.                     COURT OF COMMON PLEAS
                           COUNTY OF WAYNE, OHIO
    Appellee             CASE No.    13-CV-0129

DECISION AND JOURNAL ENTRY

Dated: January 31, 2017

CARR, Presiding Judge.

{¶1}    Appellant, Tommy Copen, appeals from the judgments of the Wayne County Court of Common Pleas, granting summary judgment in favor of Appellee, CRW, Inc., and denying his motion for leave to file an amended complaint. We affirm in part, reverse in part, and remand the matter for further proceedings.

I.

{¶2}    CRW, Inc. ("CRW") hired Mr. Copen to work as a truck driver in 2009. Mr. Copen suffered a workplace injury in 2010 and subsequently filed a workers' compensation claim. The Bureau of Workers' Compensation allowed the claim for a lumbosacral sprain and contusion to the right foot. As a result of his injuries, CRW offered Mr. Copen a light duty position that included washing the trucks, which he accepted. The light duty position, like his truck driving position, did not require Mr. Copen to work on the weekends.

{¶3}     According to CRW, due to a seasonal change in the flow of business, it offered Mr. Copen a new light duty position that would require him to work on the weekends.  The offer required Mr. Copen to report to work the following day, a Saturday.  Mr. Copen, however, did not report to work the next day.  Instead, he reported to work as usual on the following Monday to discuss the change in his schedule with Dennis Brown, CRW's Director of Safety and Human Resources.  There is no dispute that Mr. Copen was upset about the proposed schedule change because it required him to work on the weekends, so he declined the offer.  Mr. Brown did not provide Mr. Copen with an alternative schedule and, according to CRW, Mr. Copen became irate and stormed out of Mr. Brown's office.

{¶4}     There is no dispute that Mr. Copen's employment with CRW ended after his meeting with Mr. Brown.  There is a dispute, however, as to whether Mr. Copen quit, or whether CRW fired him.  According to CRW, Mr. Copen voluntarily terminated his employment due to his insubordination in refusing to accept the new light duty work schedule.  Mr. Copen, on the other hand, maintains that CRW terminated him and that it changed his work schedule in an attempt to force him to quit.

{¶5}     Mr. Copen sued CRW in 2010, but voluntarily dismissed that action without prejudice.  This appeal stems from Mr. Copen's re-filed case wherein he asserted claims against CRW for: (1) retaliatory discharge based upon his pursuit of a workers' compensation claim in violation of R.C. 4123.90; and (2) discrimination based upon his actual or perceived disability in violation of R.C. 4112.02.  Following the depositions of several CRW employees, Mr. Copen moved for leave to file an amended complaint, arguing that the deposition testimony revealed that CRW's President (Christopher Wood) and Mr. Brown arranged for a private investigator to surreptitiously videotape Mr. Copen while he was in a public place.  He, therefore, sought to

amend his complaint to include a count for civil conspiracy against Mr. Wood, Mr. Brown, and the third-party administrator for CRW's workers' compensation claims. Two days later, before CRW filed a response, the trial court denied Mr. Copen's motion. Mr. Copen moved for reconsideration and CRW filed a brief in opposition, asserting, in part, that Mr. Copen was aware of the surveillance on the day it was taken, that the video was provided to Mr. Copen in response to discovery requests, and that the video was not relevant to the underlying case because it was taken after Mr. Copen's employment with CRW had ended. CRW attached an affidavit from Mr. Wood, who averred that the video was taken in July of 2011, which was after Mr. Copen's employment with CRW had ended. The trial court ultimately denied Mr. Copen's motion.

{¶6} After a period of discovery, CRW moved for summary judgment on both of Mr. Copen's claims. CRW advanced several arguments in its motion, including: (1) Mr. Copen could not establish that CRW retaliated against him or took any adverse employment action against him because he terminated his own employment and the change in his schedule did not constitute an adverse employment action; (2) even if CRW did take an adverse employment action against him, it had legitimate, non-discriminatory and non-retaliatory reasons for doing so; (3) Mr. Copen could not establish that he was disabled, or that CRW perceived him as being disabled, for purposes of his disability discrimination claim; and (4) Mr. Copen could not establish that CRW's proffered legitimate, non-discriminatory and non-retaliatory reasons for taking any adverse employment actions were a mere pretext for unlawful retaliation and discrimination.

{¶7} In response, Mr. Copen argued that CRW did, in fact, take an adverse employment action against him by materially changing his work schedule and by terminating him after he told CRW that he would be unable to comply with the new schedule. He further

argued that CRW's proffered legitimate, non-retaliatory and non-discriminatory reasons for doing so were a mere pretext for unlawful retaliation and discrimination. In support of his argument, Mr. Copen asserted that CRW's President (Mr. Wood) and Director of Safety and Human Resources (Mr. Brown) expressed disdain regarding his injuries, questioned their legitimacy, and believed that he was manipulating the system in order to obtain benefits. He further asserted that CRW was aware that he could not work on weekends and changed his schedule in an attempt to force him to quit so that it would not have to pay him unemployment benefits. Regarding CRW's claim that he could not establish that he is disabled, Mr. Copen argued that he is disabled as defined in R.C. 4112.01(A)(13) because his physical injuries limit his ability to walk, stand, and work. He also argued that CRW perceived him as being disabled because it knew about his injuries and received certain medical notes and test results regarding his condition.

{¶8} The trial court granted CRW's motion, holding that no genuine issue of material fact remained, and that CRW was entitled to judgment as a matter of law. Mr. Copen now appeals, raising three assignments of error for our review.

II.

**ASSIGNMENT OF ERROR I**

THE TRIAL COURT ERRED WHEN IT GRANTED APPELLEE'S MOTION FOR SUMMARY JUDGMENT BECAUSE GENUINE ISSUES OF MATERIAL FACT EXIST AS TO APPELLANT'S CLAIMS FOR RETALIATORY DISCHARGE UNDER R.C. 4123.90 AND PERCEIVED DISABILITY DISCRIMINATION UNDER R.C. 4112.02

{¶9} In his first assignment of error, Mr. Copen argues that the trial court erred by granting summary judgment in favor of CRW because he presented prima facie cases for both retaliatory discharge and disability discrimination, and genuine issues of material fact remained

to be litigated. More specifically, Mr. Copen argues that genuine issues of material fact exist regarding: (1) whether CRW took an adverse employment action against him; (2) the causal connection between his termination and his pursuit of the workers' compensation claim; (3) whether CRW's reasons for unilaterally changing his work schedule and terminating his employment were pretextual; (4) whether he is disabled and/or perceived to be disabled by CRW; and (5) whether he could safely and substantially perform the essential functions of the job despite his disability or perceived disability.

{¶10} We begin our analysis with a review of the trial court's order. It states:

> The matter came before the Court on Defendant's Motion for Summary Judgment with respect to Plaintiff's claims for retaliation under R.C. 4123.90 and disability discrimination under R.C. 4112.02. This Court has considered the pleadings, affidavits, appropriate exhibits, and memoranda, and construed the evidence most strongly in favor of the non-moving party. The Court finds that there are no genuine issues of material fact remaining before the Court on the issues of retaliation and disability discrimination and that reasonable minds can come to but one conclusion and that conclusion is adverse to the Plaintiff and that the Defendant is entitled to judgment as a matter of law. It is, therefore, ordered, adjudged and decreed that judgment is hereby granted in favor of Defendant, CRW, Inc., against Plaintiff, Tommy Copen, on Plaintiff's claims under R.C. 4123.90 and R.C. 4112.02.

{¶11} We review an award of summary judgment de novo. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105 (1996). While we afford no deference to the trial court, this Court has previously held that we cannot properly review an award of summary judgment in a case of this complexity when a trial court's judgment entry provides no indication as to what it actually decided. *Mourton v. Finn*, 9th Dist. Summit No. 26100, 2012-Ohio-3341, ¶ 8. "The trial court's judgment entry and reasoning are part of the de novo review process [because,] [e]ven though a reviewing court is not required to defer to the trial court's reasoning, the trial court's analysis often has a persuasive effect during appellate review." *Id.* at ¶ 6, quoting *Scassa v. Dye*, 7th Dist. Carroll No. 02CA0779, 2003-Ohio-3480, ¶ 21.

{¶12} Here, the record contains hundreds of pages of deposition testimony, CRW advanced multiple alternative grounds for summary judgment, and Mr. Copen opposed CRW's motion with multiple arguments and citations to the record regarding the existence of genuine issues of material fact. Given the lack of any indication as to what the trial court actually decided (e.g., whether Mr. Copen could not establish that he suffered an adverse employment action, or whether he could not establish that CRW's proffered legitimate, non-discriminatory and non-retaliatory reasons for taking any adverse employment actions were a mere pretext for unlawful retaliation and discrimination), this Court is turned into the trial court on appeal. *Mourton* at ¶ 9 ("This Court has consistently held that it is the trial court's duty to resolve issues in the first instance."). As this Court has stated, "[i]t is also unfair to the parties, who are essentially forced to simply refile their summary judgment motions in the appellate court due to being unsure why the trial court rendered the decision it did. Practically speaking, if a trial court does not set forth any analysis, the parties may just as well file their summary judgment motions in this Court." *Id.*

{¶13} In light of the complexity of this case and the trial court's failure to provide any indication as to what it actually decided, we reverse and remand the matter to the trial court. *Mourton* at ¶ 9.

## ASSIGNMENT OF ERROR II

THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT DENIED APPELLANT'S MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT *INSTANTER* BASED UPON DEPOSITION TESTIMONY THAT REVEALED ADDITIONAL FACTS LEADING TO ADDITIONAL CAUSES OF ACTION AND A TRIAL DATE HAD NOT YET BEEN SET.

{¶14} In his second assignment of error, Mr. Copen argues that the trial court abused its discretion by denying his motion for leave to file an amended complaint because the motion was unopposed, new evidence revealed during depositions warranted the amendments (i.e., testimony regarding CRW's surveillance of Mr. Copen), and the amendment would not have prejudiced CRW because a trial date had yet to be set.

{¶15} In response, CRW argues that the trial court properly denied the motion because: (1) Mr. Copen had actual knowledge of the surveillance video on the day it was taken; (2) Mr. Copen had been in possession of the surveillance video for more than a year and a half before moving for leave to amend his complaint because CRW produced the video during discovery for another case; (3) Mr. Copen's motion was made in bad faith and for the purpose to delay, harass, and prejudice CRW; and (4) Mr. Copen could not establish a prima facie case for civil conspiracy. Regarding Mr. Copen's assertion that his motion was unopposed, CRW notes that the trial court denied the motion before CRW had an opportunity to respond, but that it did oppose Mr. Copen's motion for reconsideration.

{¶16} This Court reviews a trial court's denial of a motion for leave to amend a pleading for an abuse of discretion. *Brown v. FirstEnergy Corp.*, 159 Ohio App.3d 696, 2005-Ohio-712, ¶ 5 (9th Dist.). An abuse of discretion requires more than simply an error in judgment; it implies unreasonable, arbitrary, or unconscionable conduct by the court. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

{¶17} The relevant portion of Civ.R. 15(A) permits a party to amend its pleading with leave of court and provides that "[t]he court shall freely give leave when justice so requires." Civ.R. 15(A). "Because Civ.R. 15(A) expresses a preference for liberality with respect to amendments, 'a motion for leave to amend should be granted absent a finding of bad faith, undue

delay or undue prejudice to the opposing party.'" *Jacobson-Kirsch v. Kaforey*, 9th Dist. Summit No. 26708, 2013-Ohio-5114, ¶ 12, quoting *Hoover v. Sumlin*, 12 Ohio St.3d 1, 6 (1984).

{¶18} As CRW points out, Mr. Copen moved to amend his complaint on June 2, 2015, almost two months after the depositions of Mr. Wood and Mr. Brown, approximately four years after he had knowledge of the video, and more than a year and a half after he received a copy of the video. Mr. Copen does not dispute that he had knowledge of the video on the day it was taken, but argues that he "had no idea who was behind the recording." Further, Mr. Copen acknowledges that he received a copy of the surveillance video in November 2013, but asserts that it was produced during the discovery for another case, not in this case, and that the facts surrounding the surveillance were not revealed until depositions were taken in this case. Under these facts, we cannot say that the trial court abused its discretion when it denied Mr. Copen's motion for leave to file an amended complaint. Accordingly, his second assignment of error is overruled.

## ASSIGNMENT OF ERROR III

THE TRIAL COURT ERRED WHEN IT DID NOT STRIKE CHRISTOPHER WOOD'S AFFIDAVIT.

{¶19} In his third assignment of error, Mr. Copen argues that the trial court erred by failing to strike Mr. Wood's affidavit from the record, which CRW attached as an exhibit to its brief in opposition to Mr. Copen's motion for reconsideration of the trial court's denial of his motion for leave to file an amended complaint. In his affidavit, Mr. Wood averred that the surveillance video was taken in July 2011, which is after Mr. Copen's employment with CRW had ended. At his deposition, however, Mr. Wood testified that he did not remember when the surveillance video was taken. Given the conflict in his testimony, Mr. Copen argues that the trial court should have stricken the affidavit from the record.

{¶20} In response, CRW argues that Mr. Copen cannot raise this issue on appeal because he did not move the trial court to strike Mr. Wood's affidavit. In his reply brief, Mr. Copen asserts that he did raise this issue because he attached Mr. Wood's affidavit to his brief in opposition to CRW's motion for summary judgment, and argued therein that the affidavit should be stricken from the record. Our review of Mr. Copen's brief in opposition to CRW's motion for summary judgment, however, reveals otherwise. While Mr. Copen did attach Mr. Wood's affidavit as an exhibit and did address the inconsistency in Mr. Wood's testimony, there is no indication that he moved the trial court to strike the affidavit from the record. Because the record reflects that Mr. Copen did not raise this issue below, we decline to address it on appeal. *See State v. Zepeda–Ramires*, 9th Dist. Lorain No. 12CA010275, 2013–Ohio–1224, ¶ 11 (stating that a litigant's failure to raise an issue below constitutes a forfeiture of that issue on appeal). Mr. Copen's third assignment of error is overruled.

### III.

{¶21} Mr. Copen's second and third assignments of error are overruled. Regarding Mr. Copen's first assignment of error, the judgment of the Wayne County Court of Common Pleas is reversed and remanded for proceedings consistent with this opinion.

Judgment affirmed in part,
reversed in part,
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Wayne, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed equally to both parties.

DONNA J. CARR
FOR THE COURT

WHITMORE, J.
CONCURS.

HENSAL, J.
CONCURS IN JUDGMENT ONLY.


APPEARANCES:

NATALIE F. GRUBB and MARK E. OWENS, Attorneys at Law, for Appellant.

SUSAN E. BAKER, Attorney at Law, for Appellee.