**[Cite as *Anthony v. Woolbright*, 2026-Ohio-1908.]**

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

S. WENTWORTH ANTHONY

    Plaintiff

    and

CAMILLE A. HOWARD

    Appellant

    v.

ROBERT WOOLBRIGHT, et al.

    Appellees

C.A. No.     25CA012318

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF LORAIN, OHIO
CASE No.    20CV200865

DECISION AND JOURNAL ENTRY

Dated: May 26, 2026

---

CARR, Presiding Judge.

{¶1} Plaintiff-Appellant Camille A. Howard appeals the judgment of the Lorain County Court of Common Pleas. This Court affirms in part, reverses in part, and remands the matter for proceedings consistent with this decision.

I.

{¶2} In March 2020, Ms. Howard and Plaintiff S. Wentworth Anthony filed a three-count complaint against Defendants-Appellees Robert D. and Linda R. Woolbright. The claims were for partition, a full accounting of profits and rents, and fraud and undue influence. In the complaint, Plaintiffs alleged that Mr. Anthony owned a 25% interest in a property on Warren Avenue in Elyria ("the Property") and Mr. Woolbright owned the remaining 75% interest. The

complaint indicated that Mrs. Woolbright may have an interest via her marriage to Mr. Woolbright. The complaint also asserted that Mr. Woolbright obtained his interest through fraud and undue influence from Ms. Howard's father, who had dementia. Ms. Howard asserted that Mr. Woolbright's interest properly belonged to her. The complaint included a jury demand. Ms. Howard and Mr. Anthony were not in possession of the Property. Instead, it appears that the Woolbrights' daughter was living in the home on the Property.

{¶3}　Unfortunately, the matter proceeded through years of contentious litigation. Only those portions necessary to the resolution of this appeal will be discussed in detail. In January 2023, Ms. Howard was substituted as the real party in interest after Mr. Anthony transferred his interest to her. The trial court removed Mr. Anthony as a party and substituted Ms. Howard in his place with respect to the claims. In the same entry, the trial court granted in part the Woolbrights' motion for judgment on the pleadings and dismissed Ms. Howard's fraud and undue influence claim without prejudice.

{¶4}　In February 2023, the trial court entered an order for partition and appointed a commissioner ("the Commissioner") to determine whether the Property could be divided, and if not, to report the value of it. Thereafter, Ms. Howard filed a document electing to take the Property. The Commissioner submitted a report on March 24, 2023. The report indicated that the Property was valued at $50,000 and included photos of parts of the home with problems or issues. Ms. Howard objected to the appraisal and sought to inspect the Property. In May 2023, the trial court granted Ms. Howard access to the Property for inspection and appraisal.

{¶5}　In August 2023, Ms. Howard filed a motion seeking, inter alia, a jury trial date and a motion to prohibit the Woolbrights and their family and friends from purchasing the Property because the Woolbrights and "their family have neglected and caused the subject property to fall

into disrepair so badly that [it] has decreased in value by 50% from the auditor's appraisal of $107,000." The motion was denied and a date for a bench trial was set.

{¶6} In December 2023, the parties engaged in settlement discussions and the Woolbrights maintained that a settlement had been reached. A settlement enforcement hearing was held, at which the Commissioner testified because he sat through the negotiations. Both parties filed post-hearing briefs, and Ms. Howard filed a motion to strike or disregard the testimony of the Commissioner. On January 25, 2024, Ms. Howard filed a motion seeking to amend her complaint to add a claim for waste.

{¶7} In February 2024, the magistrate issued a decision denying the motion to enforce the settlement agreement. The magistrate also denied the motion to strike the testimony of the Commissioner. In addition, the magistrate vacated the partition order and dismissed the case without prejudice. The trial court adopted the magistrate's decision. Ms. Howard filed objections. The trial court held a hearing on the objections in November 2024. The trial court sustained Ms. Howard's objection to the dismissal of the complaint but the other objections were denied. Ms. Howard's motion to amend her complaint was also denied. A trial was scheduled for January 22, 2025 at 10:00 a.m., before the magistrate.

{¶8} On December 23, 2024, Ms. Howard filed a pretrial motion requesting, inter alia, leave to amend her complaint to add a claim for waste and that the Commissioner be denied his costs due to his testimony at the settlement enforcement hearing. The trial court denied the motion.

{¶9} On January 13, 2025, Ms. Howard filed motion to continue the trial, asserting that she needed more time to prepare. Ms. Howard filed an additional motion to continue on January 21, 2025. The Woolbrights responded with a motion to dismiss for failure to prosecute. On January 22, 2025, Ms. Howard filed a motion to supplement her motion to continue, requesting a

one-week continuance. Ms. Howard asserted that her counsel was taken to the emergency room on January 21, 2025, and was there until almost midnight. Ms. Howard's trial counsel was placed on medications that made her drowsy and unable to represent Ms. Howard at the January 22, 2025 hearing. Attached to Ms. Howard's motion was a note from the hospital emergency department stating that Ms. Howard's counsel was in the emergency room on January 21, 2025 and "may return to work on 1/23/2025."

{¶10} On January 22, 2025, the trial court filed an entry denying Ms. Howard's first two motions for a continuance and granting, in part, Ms. Howard's third motion for a continuance. The trial court rescheduled the matter for the next day, January 23, 2025, at 9:00 a.m. The entry informs the parties that they could appear via videoconferencing. A hearing was held on January 23, 2025, at which neither Ms. Howard nor her counsel was present. On January 27, 2025, and February 2, 2025, Ms. Howard filed a motion to continue and a supplement to the motion, asserting that she did not receive proper notice that the hearing had been continued to January 23, 2025, and that her attorney was experiencing ongoing health issues. On February 6, 2025, the trial court issued an entry denying the motion as moot. That same day, the magistrate issued a decision. In the decision, the Commissioner's report was approved and the request for fees was granted. Ms. Howard's claims were denied. Both sides were granted 60 days to elect to take the Property by filing a notice of election and depositing the full appraised value with the clerk of courts. If the parties declined to elect to purchase the Property or if both parties elected to purchase the Property, the Property would be sold. The trial court adopted the decision the same day.

{¶11} Ms. Howard filed objections to the magistrate's decision. Therein, Ms. Howard contested the trial court's order denying her motion to continue the hearing as moot and asserted she was denied her right to a jury trial. In April 2025, the Woolbrights filed a notice of election.

Ms. Howard filed a motion opposing the election. On April 11, 2025, the trial court overruled Ms. Howard's objections and authorized another 60 days for the parties to file an election. Near the end of April 2025, Ms. Howard filed a motion seeking reconsideration of the order denying the continuance as moot.

{¶12} On August 11, 2025, the trial court found that Mr. Woolbright made a valid election and ordered title to be transferred to him. The trial court also ordered a distribution of the funds deposited by the Woolbrights and denied any other pending motions as moot.

{¶13} Ms. Howard has appealed the trial court's judgment, raising multiple assignments of error. Some of the assignments of error will be addressed out of sequence and/or consolidated with other assignments of error in order to facilitate our analysis.

II.

**JURISDICTION**

{¶14} We begin by examining our jurisdiction over this appeal, particularly because the Woolbrights have argued that Ms. Howard is unable to raise any issues that were decided by the April 11, 2025 entry as it was final and appealable. This Court disagrees and concludes that the trial court's August 11, 2025 entry was the final, appealable order in this matter.

{¶15} "Partition orders have been recognized as final, appealable orders as contemplated by R.C. 2505.02(B)(1)." *Hack v. Keller*, 2015-Ohio-4128, ¶ 11 (9th Dist.). An order is final under R.C. 2505.02(B)(1) when it "affects a substantial right in an action that in effect determines the action and prevents a judgment[.]" "For an order to determine the action and prevent a judgment for the party appealing, it must dispose of the whole merits of the cause or some separate and distinct branch thereof and leave nothing for the determination of the court. A judgment that leaves issues unresolved and contemplates that further action must be taken is not a final appealable

order." (Internal quotations and citations omitted.) *State ex rel. Bd. of State Teachers Retirement Sys. of Ohio v. Davis*, 2007-Ohio-2205, ¶ 45. Here, it was not until the August 11, 2025 entry that the trial court found that Mr. Woolbright's election was valid, ordered title transferred to him, and ordered the funds held in deposit distributed. Prior to that time, issues were unresolved and further action was required on the part of the trial court. *See id.* Accordingly, we conclude that Ms. Howard's appeal is properly before us.

### ASSIGNMENT OF ERROR I(c)

CAMILLE'S MOTIONS TO CONTINUE SHOULD HAVE BEEN GRANTED DUE TO HER COUNSEL'S ILLNESS[.]

**{¶16}** Ms. Howard essentially argues in her assignment of error I(c) that the trial court abused its discretion in only continuing the matter from January 22, 2025, until January 23, 2025, even though her counsel had been in the emergency room on January 21, 2025, and had requested a one-week continuance. Thus, the heart of Ms. Howard's argument is that the length of the continuance was unreasonable under the circumstances.

**{¶17}** "We review a trial court's decision regarding a motion to continue trial under an abuse of discretion standard." *Allen v. Addi*, 2024-Ohio-2592, ¶ 9 (9th Dist.). An abuse of discretion "implies that the court's attitude is unreasonable, arbitrary or unconscionable." *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983). The trial court must consider the totality of the circumstances surrounding the request, including "'the length of the delay requested; whether other continuances have been requested and received; the inconvenience to litigants, witnesses, opposing counsel and the court; whether the requested delay is for legitimate reasons or whether it is dilatory, purposeful, or contrived; whether the [movant] contributed to the circumstance which gives rise to the request for a continuance; and other relevant factors, depending on the unique facts of each case.'" *Roberts v. Roberts*, 2017-Ohio-8473, ¶ 6 (9th Dist.),

quoting *State v Starks*, 2008-Ohio-408, ¶ 9 (9th Dist.), quoting *State v. Unger*, 67 Ohio St.2d 65, 67-68 (1981).

{¶18} Here, the trial court clearly concluded that Ms. Howard had demonstrated a valid basis for a continuance as the trial court did grant the continuance in part. In the entry, the trial court acknowledged that Ms. Howard had submitted a medical record of Ms. Howard's attorney in support of her claim that Ms. Howard's attorney had been in the emergency room the previous evening. That record noted that Ms. Howard's attorney "may return to work on 1/23/2025." The entry also reflects that the trial court was clearly frustrated with Ms. Howard and her attorney. Ms. Howard had requested multiple continuances, and, yet had also complained about how long the litigation had taken. This frustration appears to have played a role in the trial court continuing the matter from 10:00 a.m. January 22, 2025, until only 9:00 a.m. January 23, 2025, via an entry that bears a filing stamp of 3:19 p.m. on January 22, 2025. While it is undoubtedly true that this matter has a lengthy and highly contentious history that could be at times frustrating for everyone involved, in light of the valid nature of the continuance, which the trial court itself acknowledged, it was unreasonable for the trial court to only grant a continuance of less than 24 hours. The fact that it was perhaps possible for Ms. Howard's attorney to return to work on January 23, 2025, does not mean that only continuing the matter until that date in the morning was reasonable. Ms. Howard has demonstrated that the trial court abused its discretion in only continuing the matter for less than 24 hours when Ms. Howard's counsel was recovering from a medical emergency.

{¶19} Ms. Howard's assignment of error I(c) is sustained.

## ASSIGNMENT OF ERROR I(a)

BY DISMISSING CAMILLE'S CLAIMS THE COURT VIOLATED THE PRIOR NOTICE REQUIRED BY CIV.R. 41(B)(1) FOR AN INVOLUNTARY DISMISSAL[.]

## ASSIGNMENT OF ERROR I(b)

LACK OF MEANINGFUL NOTICE OF THE CONTINUED HEARING.

## ASSIGNMENT OF ERROR I(d)

THE COURT VIOLATED CAMILLE'S RIGHTS TO REISSUE SUBPOENAS TO HER WITNESSES FOR THE CONTINUED HEARING.

## ASSIGNMENT OF ERROR I(e)

THE COURT VIOLATED CAMILLE'S RIGHT TO A HEARING ON HER OBJECTIONS TO THE COMMISSIONER'S REPORT AND VIOLATED THE LAW BY GRANTING HIS EXCESSIVE FEES.

## ASSIGNMENT OF ERROR I(f)

THE COURT FAILED TO TREAT THE PARTIES THE SAME AFTER NEITHER APPEARED AT THE HEARING CONTINUED ON JANUARY 23, 2025.

## ASSIGNMENT OF ERROR II

CAMILLE WAS DENIED A HEARING ON HER OBJECTIONS TO THE PARTITION COMMISSIONER'S REPORT AND HIS EXCESSIVE FEES.

## ASSIGNMENT OF EROR III

THE COURT ERRED AS A MATTER OF LAW BY DENYING CAMILLE'S ELECTION TO TAKE THE PROPERTY UNDER PARTITION AFTER THE APPELLEES HAD WAIVED IT.

## ASSIGNMENT OF ERROR IV

THE COURT ERRED AS A MATTER OF LAW BY FAILING TO AWARD CAMILLE ATTORNEY FEES.

## ASSIGNMENT OF ERROR V

THE COURT ERRED AS A MATTER OF LAW BY MAKING A DISTRIBUTION OF THE DEFENDANT'S $50,000 DEPOSIT WITHOUT CHARGING THEIR PROPORTIONATE ¾ SHARE OF THE TAXES THAT THEY OWED AS CO-OWNERS OF THE PROPERTY.

{¶20}  In light of this Court's resolution of assignment of error I(c), we conclude that assignments of error I(a), I(b), I(d), I(e), I(f), two, three, four, and five have been rendered moot and we decline to address them at this time.  *See* App.R. 12(A)(1)(c).

### ASSIGNMENT OF ERROR I(g)

CAMILLE WAS DENIED A JURY TRIAL ON COUNT TWO OF HER COMPLAINT[.]

{¶21}  Ms. Howard argues in her assignment of error I(g) that the trial court erred in denying her request for a jury trial on count two of her complaint, her claim for a full accounting of profits.

{¶22}  "It is well settled that "[a] plaintiff has no right to a jury trial . . . for the resolution of equitable claims, and a trial court may itself resolve those claims."  *Drillers Place Ltd. v. Mormack Industries, Inc.*, 2016-Ohio-167, ¶ 30 (9th Dist.).  Ms. Howard's claim for accounting of profits is an equitable claim.  *See Warner v. Matthews*, 79 Ohio App. 111, 112-113 (2d Dist. 1946), citing *Conrad v. Conrad*, 38 Ohio St. 467 (1882), and *West v. Weyer*, 46 Ohio St. 66 (1888); *see also Estate of Szabrak v. Ley*, 2026-Ohio-991, ¶ 74 (5th Dist.); R.C. 5307.21 ("One tenant in common, or coparcener, may recover from another tenant in common, or coparcener his share of rents and profits received by such tenant in common or coparcener from the estate, *according to the justice and equity of the case*.") (Emphasis added.).  Ms. Howard has not demonstrated that the trial court erred in denying her request for a jury trial on count two of her complaint.

{¶23}  Ms. Howard's assignment of error I(g) is overruled.

### ASSIGNMENT OF ERROR VI

THE COURT ERRED IN DENYING PLAINTIFF'S MOTION TO AMEND THE COMPLAINT TO ADD A CLAIM FOR WASTE.

{¶24} Ms. Howard asserts in her sixth assignment of error that the trial court erred in denying her motions to amend her complaint to add a claim for waste.

{¶25} "This Court reviews a trial court's denial of a motion for leave to amend a pleading for an abuse of discretion." *Copen v. CRW, Inc.*, 2017-Ohio-349, ¶ 16 (9th Dist.). Under the circumstances before us, Civ.R. 15(A) provides, in relevant part, that a party may amend the party's pleading "with the opposing party's written consent or the court's leave. The court shall freely give leave when justice so requires." The motion for leave "should be granted absent a finding of bad faith, undue delay or undue prejudice to the opposing party." (Internal quotations and citations omitted.) *Copen* at ¶ 17.

{¶26} Here, Ms. Howard twice moved to amend her complaint to add a claim of waste, the first time in January 2024, and the second time in December 2024. Ms. Howard maintained that the Woolbrights were responsible for the dramatic decrease in the value of the Property. The trial court denied both motions. Ms. Howard's original complaint was filed in March 2020, years before she filed her motions to amend. While Ms. Howard maintains that she did not know of the claim until several months before she filed her motion to amend, the Commissioner submitted his report on March 24, 2023; that report included photographs of parts of the home with problems as well as descriptions of some of the issues. Ms. Howard was authorized to inspect the property in May 2023. In August 2023, Ms. Howard sought to prohibit the Woolbrights and their family and friends from purchasing the Property because the Woolbrights and "their family have neglected and caused the subject property to fall into disrepair so badly that [it] has decreased in value by 50% from the auditor's appraisal of $107,000." Notwithstanding the foregoing, Ms. Howard did not file her first motion to amend her complaint to add a claim for waste until January 2024.

Moreover, by the time Ms. Howard filed her second motion to amend the complaint to add a claim for waste, the matter was due to be tried the next month.

{¶27} Under the circumstances before us, Ms. Howard has not demonstrated that the trial court was unreasonable in denying her motions to amend her complaint years after she filed it, and a significant amount of time after she learned, via the Commissioner's report, of the issues with the Property.

{¶28} Ms. Howard's sixth assignment of error is overruled.

### III.

{¶29} Ms. Howard's assignment of error I(c) is sustained as discussed above, and the matter is remanded to the trial court. Her remaining assignments of error have either been rendered moot or are overruled as described above. The judgment of the Lorain County Court of Common Pleas is affirmed in part, reversed in part, and the matter is remanded for proceedings consistent with this decision.

Judgment affirmed in part,
reversed in part,
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to

mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed equally to both parties.

_____
DONNA J. CARR
FOR THE COURT

STEVENSON, J.
CONCURS.

SUTTON, J.
DISSENTS.

APPEARANCES:

HONEY ROTHSCHILD, Attorney at Law, for Appellant.

CHRISTOPHER MULVANEY, Attorney at Law, for Appellees.