[Cite as *Lucas v. Noel*, 2020-Ohio-1546.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF MEDINA | ) | |

| | |
|---|---|
| KIMBERLY LUCAS | C.A. No.    18CA0080-M |
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| MARCEL NOEL | COURT OF COMMON PLEAS COUNTY OF MEDINA, OHIO |
| Appellant | CASE No.    15 DR 0210 |

DECISION AND JOURNAL ENTRY

Dated: April 20, 2020

CARR, Judge.

{¶1} Appellant Marcel Noel ("Father") appeals the judgment of the Medina County Court of Common Pleas, Domestic Relations Division. This Court affirms.

I.

{¶2} Father and Kimberly Lucas ("Mother") were married in Florida in April 1999. One child, a daughter, was born of the marriage on December 7, 2001. In May 2015, Father and Mother filed a petition for dissolution of marriage accompanied by a separation agreement. Mother was represented by counsel but Father was not. A decree of dissolution, which incorporated the parties' separation agreement, was filed July 1, 2015.

{¶3} Mother was named the primary residential parent of the parties' daughter and Father was ordered to pay $540 per month, plus a processing fee, for child support. This represented an upward deviation, based in part on Mother's "medical condition[.]" The parties agreed to equally divide expenses for "extracurricular activities of the child[.]" The separation

agreement stated that the parties' daughter would continue to be enrolled in private or parochial school through high school and that Father would be responsible for those expenses. Father was also responsible for paying 50% of all of the daughter's college expenses through graduate or post-graduate school, not to exceed the age of 26. Father was ordered to pay spousal support of $3,250 per month, plus a processing fee. The spousal support would terminate upon Mother's death, Mother's remarriage, or Father's death. The separation agreement further provided that "[t]he Medina County Domestic Relations Court shall only retain jurisdiction to modify the spousal support to equalize the net incomes of the parties utilizing the FinPlan calculation once the minor child emancipates (on or about May 30, 2020). The Medina County Domestic Relations Court shall not retain jurisdiction to modify the spousal support for any other purpose." Father was also ordered to maintain two $150,000 life insurance policies, one to benefit the daughter, and one to benefit Mother, and to provide proof that the daughter and Mother were listed as beneficiaries. The dependency tax exemption was awarded to Mother. Father did not appeal the decree of dissolution.

{¶4} In January 2017, Mother filed a motion to find Father in contempt for failure to file a notice of intent to relocate after Father changed his address and did not alert Mother. In February 2017, Father filed a multi-branch motion addressing several issues. Inter alia, Father sought modifications of spousal and child support and an order terminating portions of the separation agreement related to Father paying for the daughter's schooling.

{¶5} In April 2017, Mother filed another motion seeking to, inter alia, hold Father in contempt for failing to provide Mother with proof that Mother and daughter were beneficiaries on the life insurance policies required by the decree.

{¶6} The matter proceeded to a hearing before a magistrate, who then issued a magistrate's decision. In light of Father's decrease in income, the magistrate concluded it was appropriate to reduce Father's child support. However, the magistrate also found that an upward deviation was warranted. The modified child support amount was set at $405 plus a processing fee. The magistrate retained the dependency tax exemption with Mother, concluding there was insufficient evidence presented to warrant a change. The magistrate concluded that it lacked jurisdiction to modify spousal support or the items related to the daughter's educational expenses. Father was found in contempt for failing to provide proof that the daughter and Mother were beneficiaries on the life insurance policies and for failure to pay certain child-related expenses.

{¶7} Father filed numerous conclusory objections to the magistrate's decision. After the transcript was filed, Father received leave to supplement the objections. Father submitted supplemental objections related to two issues raised in his objections. The trial court held a non-evidentiary hearing on the objections. The trial court sustained two of Father's objections related to the calculation of child support. The trial court modified Father's child support obligation to $371.34 plus a processing fee. The trial court overruled Father's remaining objections.

{¶8} Father has appealed, raising a single assignment of error for our review.

II.

**ASSIGNMENT OF ERROR**

THE TRIAL COURT ERRED IN FAILING TO MODIFY A JUDGMENT, WHICH WAS NOT A FINAL APPEALABLE ORDER, WHICH REQUIRES FATHER TO PAY IN EXCESS OF $65,000 PER YEAR TO MOTHER AS A COMBINATION OF CHILD SUPPORT, PRIVATE EDUCATIONAL EXPENSES, ADDITIONAL EXPENSES FOR THE CHILD THROUGH HER POST-GRADUATE EDUCATION, LIFETIME SPOUSAL SUPPORT WITHOUT ANY MEANINGFUL WAY TO MODIFY THE AMOUNT, AND LIFE INSURANCE PREMIUMS ON TWO POLICIES, AND WHICH DOES NOT EVEN AWARD FATHER THE TAX DEPENDENCY EXEMPTION FOR THE CHILD IN ANY YEAR.

{¶9} Father raises several issues in his single assignment of error. Father maintains that the decree of dissolution was not a final appealable order because the trial court failed to comply with Civ.R. 58(B). Thus, Father asserts that the trial court could have modified items in the decree and erred in failing to modify Father's obligation to pay school tuition and cost, extracurricular activities, life insurance policies, and spousal support. Father also argues that the trial court erred in failing to award him the dependency tax exemption. Finally, Father challenges the trial court's failure to modify spousal support.

{¶10} "Generally, this Court reviews a trial court's action with respect to a magistrate's decision for an abuse of discretion." (Internal quotations and citations omitted.) *Condon v. Rockich,* 9th Dist. Summit No. 28479, 2018-Ohio-71, ¶ 10. An abuse of discretion implies that the trial court's attitude was unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983). "In so doing, we consider the trial court's action with reference to the nature of the underlying matter." (Internal quotations and citations omitted.) *Condon* at ¶ 10.

## Civ.R. 58(B) Compliance

{¶11} Father first argues that the trial court retained jurisdiction to modify the decree of dissolution because it was not a final appealable order due to the trial court's failure to comply with Civ.R. 58(B). Father did not object to the magistrate's decision on this basis, raise this argument below, or argue plain error on appeal, despite the fact that the magistrate concluded that it lacked jurisdiction to modify certain aspects of the decree. *See Trombley v. Trombley*, 9th Dist. Medina No. 17CA0012-M, 2018-Ohio-1880, ¶ 10 ("This Court has previously determined that an appellant forfeits appellate review of any issues not stated in h[is] objections to the magistrate's decision."); *see also Copen v. CRW, Inc.*, 9th Dist. Wayne No. 15AP0034, 2017-Ohio-349, ¶ 20

(noting that an appellant's failure to raise an issue below results in forfeiture of the issue on appeal). Accordingly, this Court will not address the merits of Father's specific argument.

### School Tuition, Extracurricular Activities, and Life Insurance Policies

{¶12} Father also argues that the trial court erred in failing to modify his obligations to pay for school tuition, extracurricular activities, and life insurance policies. Father argues the provisions are unconscionable and against public policy.

{¶13} To the extent that Father's argument is founded upon his belief that the lack of Civ.R. 58(B) endorsement on the decree allowed the trial court to modify the decree, it will not be considered as Father did not make that argument below and has not argued plain error on appeal. *See Trombley*, 2018-Ohio-1880, at ¶ 10; *Copen*, 2017-Ohio-349, at ¶ 20.

{¶14} In addition, we conclude that Father did not sufficiently object on the grounds that he now argues. While Father did file numerous objections, they were largely conclusory and consisted of only a single sentence. In his objections, Father did not argue that these provisions were unconscionable or against public policy.

{¶15} Civ.R. 53(D)(3)(b)(ii) states that "[a]n objection to a magistrate's decision shall be specific and state with particularity all grounds for objection." "[C]onclusory statements which contain no factual or legal support[]" are insufficient to meet the requirements of Civ.R. 53. *Young v. Young*, 9th Dist. Summit No. 22891, 2006-Ohio-2274, ¶ 7; *see also State v. Perkins*, 9th Dist. Medina No. 17CA0048-M, 2018-Ohio-2240, ¶ 7.

{¶16} Thus, we conclude Father failed to preserve these arguments for review. Further, because Father has not argued plain error on appeal, this Court will not further address these arguments. *See* Civ.R. 53(D)(3)(b)(iv) ("Except for a claim of plain error, a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not

specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party has objected to that finding or conclusion as required by Civ.R. 53(D)(3)(b).”); *Perkins* at ¶ 7.

### Allocation of the Dependency Tax Exemption

{¶17} Father also asserts that the trial court erred in failing to modify the allocation of the dependency tax exemption. While Father raised an objection based upon the allocation of the tax dependency exemption, like the other objections above, Father’s objection was conclusory and contained no legal or factual support. *See Young* at ¶ 7. Thus, because Father has failed to preserve this argument for appeal and has not argued plain error, this Court will not address the merits of this argument. *See id.*; Civ.R. 53(D)(3)(b)(iv).

### Spousal Support

{¶18} Finally, Father argues that the trial court erred in failing to modify spousal support. Essentially, Father maintains that, when a spousal support award is indefinite in length, the trial court abuses its discretion in failing to reserve jurisdiction to modify the award.

{¶19} “This Court reviews the domestic relations court’s decision regarding the modification of spousal support for an abuse of discretion.” *Wuscher v. Wuscher*, 9th Dist. Summit No. 26924, 2014-Ohio-377, ¶ 9.

{¶20} The separation agreement contained a provision awarding Mother $3,250 per month in spousal support. The spousal support award would terminate upon Mother’s death, Mother’s remarriage, or Father’s death. The separation agreement further provided that “[t]he Medina County Domestic Relations Court shall only retain jurisdiction to modify the spousal support to equalize the net incomes of the parties utilizing the FinPlan calculation once the minor

child emancipates (on or about May 30, 2020). The Medina County Domestic Relations Court shall not retain jurisdiction to modify the spousal support for any other purpose."

{¶21} "[A] trial court lacks jurisdiction to modify the amount or terms of an order of spousal support unless a provision in either the divorce decree or the separation agreement incorporated into the decree of divorce or dissolution specifically authorizes modification." (Internal quotations and citation omitted.) *Morris v. Morris*, 148 Ohio St.3d 138, 2016-Ohio-5002, ¶ 28; *see also* R.C. 3105.18(E); R.C. 3105.65(B).

{¶22} Father does not appear to assert that the criteria in the separation agreement to modify the spousal support award were satisfied. In fact, it appears undisputed that none of the conditions to modify or terminate spousal support outlined in the separation agreement were met.

{¶23} The heart of Father's argument is actually a contention that the spousal support provision awarding indefinite spousal support in the decree is invalid. Father's argument relies upon *Robiner v. Robiner*, 8th Dist. Cuyahoga No. 67195, 1995 WL 723269 (Dec. 7, 1995). In *Robiner*, "the trial court reserved jurisdiction to modify the indefinite spousal support award if and when any of the following events occur: 1) the defendant receives a significant gift(s) or a substantial inheritance from her mother; 2) the defendant attains the age of 62 years and the plaintiff is receiving Social Security benefits; and 3) the plaintiff becomes permanently and totally disabled and is unable to work." *Id.* at *10. In reviewing the spousal support award, the appellate court concluded that, "when a sustenance award is indefinite in length, as is the case in this instance, we have held a trial court abuses its discretion in failing to reserve jurisdiction to modify. Accordingly, the trial court has abused its discretion by placing such restrictions on its ability to retain jurisdiction to modify the indefinite spousal support award." (Internal citations omitted.) *Id.* at *11.

{¶24} This Court determines *Robiner,* is distinguishable from this matter in two important ways. First, *Robiner* involved a divorce decree, not a decree of dissolution incorporating a separation agreement. *See id.*at *1. There is nothing in *Robiner* that suggests that the parties entered into a separation agreement on any issue. Dissolutions are substantively different than divorces; "[t]he trial court has limited authority at the dissolution hearing. * * * The court has no unilateral authority to modify any provision of the separation agreement." *Morris*, 148 Ohio St.3d 138, 2016-Ohio-5002, at ¶ 18. In cases involving a divorce with a separation agreement addressing spousal support, at least one appellate court has held that, "when a separation agreement between the parties to a divorce action defines the terms and conditions of spousal support, as well as the circumstances required for its modification, the trial court need not reserve continuing jurisdiction to modify spousal support should the separation agreement not provide for such continuing jurisdiction." *McLaughlin v. McLaughlin*, 4th Dist. Athens No. 00CA14, 2001 WL 803025, *2 (Mar. 26, 2001).

{¶25} Second, *Robiner* involved a direct appeal of the decree, not an appeal of a ruling on a motion to modify. *See Robiner* at *1. This Court agrees with the Fourth District that the appropriate mechanism to challenge the validity of a spousal support provision awarding indefinite support with limited retention of jurisdiction is through a direct appeal of the decree, not by appealing a post-decree ruling on a motion to modify. *See Chevalier v. Chevalier*, 4th Dist. Meigs No. 08CA11, 2009-Ohio-6599, ¶ 7; *see also McLaughlin* at *3. Accordingly, Father cannot collaterally attack the validity of the spousal support provision in this appeal. Father has not demonstrated that the law set out in *Robiner* applies to the facts of this case. *See* App.R. 16(A)(7).

{¶26} Father has failed to establish that the trial court erred in concluding it lacked jurisdiction to modify the spousal support award.

**{¶27}** Father's assignment of error is overruled.

### III.

**{¶28}** Father's assignment of error is overruled. The judgment of the Medina County Court of Common Pleas, Domestic Relations Division, is affirmed.

Judgement affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

DONNA J. CARR
FOR THE COURT

TEODOSIO, P. J.
CONCURS IN JUDGMENT ONLY.

CALLAHAN, J.
<u>CONCURRING IN PART, AND DISSENTING IN PART.</u>

**{¶29}** I agree with most of the majority's resolution of Mr. Noel's assignment of error, but because Mr. Noel objected to the magistrate's determination of the tax deduction with sufficient specificity, I respectfully dissent from that portion of the opinion.

**{¶30}** As the majority opinion notes, "[u]nder Civ.R. 53(D)(3)(b)(iv), a party forfeits all but plain error with respect to the appeal of any finding of fact or legal conclusion to which no objection is made in the trial court." *Lakota v. Lakota*, 9th Dist. Medina No. 10CA0122-M, 2012-Ohio-2555, ¶ 9. "Forfeiture" is defined as the failure to preserve an objection. *State v. Payne*, 114 Ohio St.3d 502, 2007-Ohio-4642, ¶ 23. The forfeiture rule is intended to encourage parties to bring error to the attention of the trial court at a time when it can be avoided or corrected. *State v. Gwynne*, 158 Ohio St.3d 279, 2019-Ohio-4761, ¶ 10, quoting *State v. Awan*, 22 Ohio St.3d 120, 122 (1986), quoting *State v. Childs*, 14 Ohio St.2d 56 (1968), paragraph three of the syllabus.

**{¶31}** Mr. Noel's objection to the magistrate's decision with respect to allocation of the tax deduction stated, "[t]he Court erred in not saying that the income tax dependency exemption, every year, should belong to the Defendant/Father." This language, although perhaps not ideal, was specific enough to bring the alleged error to the attention of the trial court at a time when it could be corrected. Indeed, the trial court *did* address—and overrule—his objection.

**{¶32}** Accordingly, I would review the merits of Mr. Noel's argument regarding allocation of the tax deduction. I respectfully dissent on that basis.

<u>APPEARANCES:</u>

JOHN M. DOHNER, Attorney at Law, for Appellant.

TODD ANTHONY MAZZOLA and SARAH E. HEID, Attorneys at Law, for Appellee.