[Cite as *Traven v. Traven*, 2024-Ohio-2393.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

| | | |
|---|---|---|
| JENNIFER L. TRAVEN | | C.A. No.     23CA012038 |
| Appellee | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE |
| TREVOR N. TRAVEN | | COURT OF COMMON PLEAS COUNTY OF LORAIN, OHIO |
| Appellant | | CASE No.     21DR089443 |

DECISION AND JOURNAL ENTRY

Dated: June 24, 2024

CARR, Judge.

**{¶1}** Defendant-Appellant Trevor Traven ("Husband") appeals the judgment of the Lorain County Court of Common Pleas, Domestic Relations Division. This Court reverses and remands the matter for proceedings consistent with this decision.

I.

**{¶2}** Husband and Plaintiff-Appellee Jennifer Traven ("Wife") were married in January 2019. No children were born of the marriage. In June 2021, Wife filed a complaint for divorce. Husband subsequently filed a counterclaim for divorce.

**{¶3}** The matter proceeded to a hearing before a magistrate. The magistrate issued a decision which was filed June 27, 2023. That same day, the trial court adopted the magistrate's decision and entered judgment accordingly. The docket reflects that Civ.R. 58(B) notices were sent by ordinary mail on June 30, 2023.

{¶4} On July 15, 2023, Husband filed a document titled "Objection to Magistrate's Decision" which was subtitled in parenthesis "Leave to Plead Requested[.]" Husband maintained that the magistrate's decision was never mailed to him and he had to retrieve it from the courthouse. He stated he requested leave to plead his objections. Husband then listed four objections and asked to be "permitted to amend and supplement this Objection upon receipt of the transcript of the hearing." Husband then requested that the trial court "reject the magistrate's decision." A certificate of service was included along with a notification of a hearing on the matter; however, the date and time for the hearing was left blank.

{¶5} On July 21, 2023, Wife filed a motion for an extension of time to respond to Husband's objections, asserting that she had not yet been served with them. On August 4, 2023, Wife filed a motion to dismiss Husband's objections, arguing that Husband had failed to serve Wife and failed to obtain a hearing date as required by the trial court's local rules. In addition, Wife asserted that Husband's objections should be overruled as they lacked specificity and failed to state the grounds with particularity. Wife did not discuss Husband's request for an extension of time to file the objections. Husband did not respond to the motion.

{¶6} On September 12, 2023, the trial court dismissed Husband's objections noting that Husband did not file anything following his objections to the magistrate's decision, did not have the matter set for a hearing, and did not file or request a transcript of the hearing before the magistrate. In its entry, the trial court did not rule upon Husband's request for an extension of time to file the objections, nor did it mention it.

{¶7} On September 18, 2023, Husband filed a motion to reinstate his objections arguing that Husband did not file anything further because he was waiting for the trial court to rule on whether he could file objections as they were untimely. Additionally, Husband maintained that

the trial court failed to comply with Civ.R. 41(B)(1) in dismissing his objections. Wife opposed the motion, and Husband filed a notice of appeal. Husband has raised a single assignment of error for our review.

II.

**ASSIGNMENT OF ERROR**

THE TRIAL COURT ABUSED ITS DISCRETION AND ERRED AS A MATTER OF LAW WHEN IT DISMISSED DEFENDANT'S/APPELLANT'S OBJECTION TO THE MAGISTRATE'S DECISION FOR FAILURE TO PROSECUTE BY DEFENDANT/APPELLANT FOR NOT FILING A TRANSCRIPT OF THE ORAL HEARING BEFORE THE MAGISTRATE WITHOUT FIRST GIVING PROPER NOTICE BY MOTION TO THE OFFENDING PARTY (DEFENDANT/APPELLANT) AND ALLOWING HIM TIME TO CURE THE SAME PURSUANT TO OHIO CIV.R. 41(B)(1).

**{¶8}** Husband argues that the trial court erred in dismissing his objections because the trial court failed to notify Husband that he could proceed with his untimely objections and because the trial court failed to comply with Civ.R. 41(B)(1).

**{¶9}** Civ.R. 53(D)(3)(b) states:

Objections to Magistrate's Decision.

(i) Time for Filing. A party may file written objections to a magistrate's decision within fourteen days of the filing of the decision, whether or not the court has adopted the decision during that fourteen-day period as permitted by Civ.R. 53(D)(4)(e)(i). If any party timely files objections, any other party may also file objections not later than ten days after the first objections are filed. If a party makes a timely request for findings of fact and conclusions of law, the time for filing objections begins to run when the magistrate files a decision that includes findings of fact and conclusions of law.

(ii) Specificity of Objection. An objection to a magistrate's decision shall be specific and state with particularity all grounds for objection.

(iii) Objection to Magistrate's Factual Finding; Transcript or Affidavit. An objection to a factual finding, whether or not specifically designated as a finding of fact under Civ.R. 53(D)(3)(a)(ii), shall be supported by a transcript of all the evidence submitted to the magistrate relevant to that finding or an affidavit of that evidence if a transcript is not available. With leave of court, alternative technology or manner of reviewing the relevant evidence may be considered. The objecting

party shall file the transcript or affidavit with the court within thirty days after filing objections unless the court extends the time in writing for preparation of the transcript or other good cause. If a party files timely objections prior to the date on which a transcript is prepared, the party may seek leave of court to supplement the objections.

(iv) Waiver of Right to Assign Adoption by Court as Error on Appeal. Except for a claim of plain error, a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party has objected to that finding or conclusion as required by Civ.R. 53(D)(3)(b).

Civ.R. 53(D)(5) indicates that "[f]or good cause shown, the court shall allow a reasonable extension of time for a party to * * * file objections to a magistrate's decision. 'Good cause' includes, but is not limited to, a failure by the clerk to timely serve the party seeking the extension with the magistrate's * * * decision."

{¶10} Whereas Loc.R. 9(C) of the Court of Common Pleas of Lorain County, Domestic Relations Division provides as follows:

1. Objections to a Magistrate's Decision shall be filed with the Clerk of Courts within fourteen (14) days of the filing of the decision. The opposing party may file an objection or response within ten (10) days of the filing of the first objection. All objections shall be in compliance with the provisions of Civil Rule 53(D).

2. All objections shall be specific and state the grounds of objection with particularity. Any objection to a finding of fact shall be supported by a transcript of all the evidence submitted to the Magistrate or an affidavit of that evidence if a transcript is not available.

3. The party first filing objections shall obtain a hearing date on their objections. A copy of all objections or responses shall be served upon all other parties.

4. The party filing objections shall file a praecipe for preparation of the transcript and serve a copy on the Court's Official Court Reporter. If a deposit for costs of a transcript is not made within seven (7) days of the filing of the objection, the objection may be dismissed.

5. The original transcript submitted with an objection becomes part of the official record of the case. Should preparation of a transcript result in delay of the final disposition of the case, the Court may make such temporary orders as it deems necessary and just.

{¶11} Here, we agree with Husband that the trial court should have informed Husband whether it was allowing Husband to proceed with his objections. There would be no reason for Husband to presume the trial court was granting his motion via inaction. *See, e.g., HB Martin Logistics, Inc. v. Hisson Group, Inc.*, 9th Dist. Summit No. 30566, 2023-Ohio-4836, ¶ 32 (noting that, generally, for purposes of appeal, when a trial court fails to rule on a motion, it is considered denied). If the trial court was not going to grant Husband's request, there would be no reason for Husband to request a transcript of the hearing or schedule an objections hearing. It was not unreasonable for Husband to refrain from further action anticipating that the trial court would rule on his motion. However, instead of ruling on Husband's request, the trial court dismissed his objections without even acknowledging that Husband had requested an extension. This was unreasonable. Accordingly, Husband's assignment of error is sustained, and the matter is remanded for the trial court to address Husband's motion.

{¶12} To the extent that Husband also maintains that the trial court violated Civ.R. 41(B)(1) in dismissing his objections, given our resolution of Husband's first argument, this issue has been rendered moot and we decline to address it. *See* App.R. 12(A)(1)(c).

{¶13} Husband's assignment of error is sustained to the extent discussed above.

III.

{¶14} Husband's assignment of error is sustained to the extent discussed above. The judgment of the Lorain County Court of Common Pleas, Domestic Relations Division is reversed, and the matter is remanded for proceedings consistent with this decision.

Judgment reversed,
and cause remanded.

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

DONNA J. CARR
FOR THE COURT

SUTTON, P. J.
HENSAL, J.
CONCUR.

APPEARANCES:

DAVID J. BERTA, Attorney at Law, for Appellant.

HALEY K. MARTINELLI and TAYLOR M. HAGEN, Attorneys at Law, for Appellee.