[Cite as *Traven v. Traven*, 2025-Ohio-4505.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

JENNIFER L. TRAVEN

    Appellee

    v.

TREVOR N. TRAVEN

    Appellant

C.A. No.    24CA012195

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF LORAIN, OHIO
CASE No.    21DR089443

DECISION AND JOURNAL ENTRY

Dated: September 29, 2025

CARR, Judge.

{¶1} Defendant-Appellant Trevor Traven ("Husband") appeals the judgment of the Lorain County Court of Common Pleas, Domestic Relations Division. This Court affirms.

I.

{¶2} Husband and Jennifer Traven ("Wife") were married in 2019. In March 2021, Husband assaulted Wife causing serious injury and requiring Wife to undergo several surgeries and necessitating ongoing medical care. Wife's vision to one eye remains impaired and Wife was unable to work from the date of the assault until late 2022. Wife remains unable to perform some of the work tasks she was previously able to execute. Wife's mental health has also suffered due to the assault.

{¶3} In June 2021, Wife filed a complaint for divorce, and Husband subsequently filed a counterclaim. Much of the subsequent procedural history was detailed in the prior appeal:

The matter proceeded to a hearing before a magistrate. The magistrate issued a decision which was filed June 27, 2023. That same day, the trial court adopted the

magistrate's decision and entered judgment accordingly. The docket reflects that Civ.R. 58(B) notices were sent by ordinary mail on June 30, 2023.

On July 15, 2023, Husband filed a document titled "Objection to Magistrate's Decision" which was subtitled in parenthesis "Leave to Plead Requested[.]" Husband maintained that the magistrate's decision was never mailed to him and he had to retrieve it from the courthouse. He stated he requested leave to plead his objections. Husband then listed four objections and asked to be "permitted to amend and supplement this Objection upon receipt of the transcript of the hearing." Husband then requested that the trial court "reject the magistrate's decision." A certificate of service was included along with a notification of a hearing on the matter; however, the date and time for the hearing was left blank.

On July 21, 2023, Wife filed a motion for an extension of time to respond to Husband's objections, asserting that she had not yet been served with them. On August 4, 2023, Wife filed a motion to dismiss Husband's objections, arguing that Husband had failed to serve Wife and failed to obtain a hearing date as required by the trial court's local rules. In addition, Wife asserted that Husband's objections should be overruled as they lacked specificity and failed to state the grounds with particularity. Wife did not discuss Husband's request for an extension of time to file the objections. Husband did not respond to the motion.

On September 12, 2023, the trial court dismissed Husband's objections noting that Husband did not file anything following his objections to the magistrate's decision, did not have the matter set for a hearing, and did not file or request a transcript of the hearing before the magistrate. In its entry, the trial court did not rule upon Husband's request for an extension of time to file the objections, nor did it mention it.

On September 18, 2023, Husband filed a motion to reinstate his objections arguing that Husband did not file anything further because he was waiting for the trial court to rule on whether he could file objections as they were untimely. Additionally, Husband maintained that the trial court failed to comply with Civ.R. 41(B)(1) in dismissing his objections. Wife opposed the motion, and Husband filed a notice of appeal.

*Traven v. Traven*, 2024-Ohio-2393, ¶ 3-7 (9th Dist.).

{¶4} On appeal, "Husband argue[d] that the trial court erred in dismissing his objections because the trial court failed to notify Husband that he could proceed with his untimely objections and because the trial court failed to comply with Civ.R. 41(B)(1)." *Id.* at ¶ 8. This Court "agree[d] with Husband that the trial court should have informed Husband whether it was allowing Husband to proceed with his objections." *Id.* at ¶ 11. We concluded it was unreasonable for the trial court

to dismiss Husband's objections without even acknowledging that he had requested an extension. *Id.* We sustained Husband's assignment of error and remanded the matter for the trial court to address Husband's motion. *Id.* We concluded that Husband's argument with respect to Civ.R. 41 was moot. *Id.* at ¶ 12.

{¶5} Upon remand, in July 2024, the trial court set the matter for a hearing on Husband's objections. The trial court gave Husband 30 days to file the transcript of the magistrate's hearing and/or supplement his objections. Husband did not timely file the transcript or supplement his objections. The transcript was filed in September 2024.

{¶6} In September 2024, Wife filed a brief in opposition to Husband's objections. Wife again noted that Husband failed to state his objections with specificity and particularity. A hearing on the objections was held November 1, 2024. A transcript of that hearing is not part of this Court's record. On November 27, 2024, the trial court overruled Husband's objections.

{¶7} Husband has appealed, raising a single assignment of error for our review.

II.

**ASSIGNMENT OF ERROR**

THE TRIAL COURT ABUSED ITS DISCRETION AND ERRED AS MATTER OF LAW WHEN IT ORDERED SPOUSAL SUPPORT PAYABLE FROM DEFENDANT/APPELLANT TO THE PLAINTIFF/APPELLEE BASED UPON THE FACTORS ENUMERATED IN R.C. [] 3105.18(C)(1)(A)-(N).

{¶8} Husband argues in his assignment of error that the trial court abused its discretion in awarding Wife spousal support and in entering a judgment of $21,775.35 as and for temporary support arrears in light of the factual circumstances and the factors in R.C. 3105.18(C)(1). Essentially, Husband argues that the trial court's award was based on sympathy for Wife's circumstances and was unreasonable because Wife's income is higher than Husband's. Wife

argues that this Court should affirm the trial court's judgment because Husband's objections lack specificity and particularity.

**{¶9}** "Generally, this Court reviews a trial court's action with respect to a magistrate's decision for an abuse of discretion." *Lucas v. Noel,* 2020-Ohio-1546, ¶ 10 (9th Dist.), quoting *Condon v. Rockich*, 2018-Ohio-71, ¶ 10 (9th Dist.). An abuse of discretion implies that the trial court's attitude was unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983). "In so doing, we consider the trial court's action with reference to the nature of the underlying matter." *Lucas* at ¶ 10, quoting *Condon* at ¶ 10.

**{¶10}** Civ.R. 53(D)(3)(b)(ii) states that "[a]n objection to a magistrate's decision shall be specific and state with particularity all grounds for objection." "[C]onclusory statements which contain no factual or legal support[]" are insufficient to meet the requirements of Civ.R. 53." *Lucas* at ¶ 15, quoting *Young v. Young*, 2006-Ohio-2274, ¶ 7 (9th Dist.); *see also State v. Perkins*, 2018-Ohio-2240, ¶ 7 (9th Dist.).

**{¶11}** The entirety of Husband's objections were as follows:

1. The magistrate erred and abused his discretion in entering a decision and finding that spousal support was warranted in a two year marriage.

2. The magistrate erred and abused his discretion by awarding the Plaintiff an award which amounted to compensatory damages for an alleged assault when said assault was never ple[d] by the Plaintiff.

3. The magistrate erred by not properly weighing the factors set forth in the ORC regarding spousal support.

4. The magistrate relied on facts not properly in the record when making his decision.

**{¶12}** Even the trial court noted in its judgment entry that the objections consisted only of four sentences, were never supplemented, and they lacked specificity. Husband's objections are conclusory and fail to comply with Civ.R. 53. *Lucas*, 2020-Ohio-1546, at ¶ 15 (9th Dist.).

**{¶13}** Accordingly, Husband has failed to preserve his arguments for review. *Id.* at ¶ 16. Moreover, because Husband has not argued plain error on appeal, we will not further address his arguments. *Id.*; Civ.R. 53(D)(3)(b)(iv).

**{¶14}** Husband's assignment of error is overruled.

### III.

**{¶15}** Husband's assignment of error is overruled. The judgment of the Lorain County Court of Common Pleas, Domestic Relations Division, is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

DONNA J. CARR
FOR THE COURT

FLAGG LANZINGER, P. J.
HENSAL, J.
CONCUR.


APPEARANCES:

DAVID J. BERTA, Attorney at Law, for Appellant.

HALEY K. MARTINELLI and TAYLOR M. HAGEN, Attorneys at Law, for Appellee.