[Cite as *Roberts v. Roberts*, 2017-Ohio-8473.]

STATE OF OHIO    )                IN THE COURT OF APPEALS
                 )ss:             NINTH JUDICIAL DISTRICT
COUNTY OF SUMMIT )

MARYANNE ROBERTS                  C.A. No.    28509

    Appellant

    v.                            APPEAL FROM JUDGMENT
                                  ENTERED IN THE
WILLIAM S. ROBERTS                COURT OF COMMON PLEAS
                                  COUNTY OF SUMMIT, OHIO
    Appellee                      CASE No.    2014-04-1076

DECISION AND JOURNAL ENTRY

Dated: November 8, 2017

TEODOSIO, Judge.

{¶1}    Maryanne Roberts appeals from the decree of divorce entered on January 4, 2017, by the Summit County Court of Common Pleas, Domestic Relations Division. This Court affirms.

I.

{¶2}    Ms. Roberts filed her complaint for divorce against William S. Roberts on April 17, 2014, and an amended complaint on May 16, 2014. On January 22, 2015, the trial court scheduled a trial for May 13, 2015. Upon the motion of Mr. Roberts, the court rescheduled the trial for August 24, 2015, and subsequently moved the date to November 19, 2015. Upon the motion of Ms. Roberts, the court rescheduled trial for January 19, 2016. The parties filed their trial briefs and witness lists, however the trial was continued to January 27, 2016. Ms. Roberts filed a motion to continue the trial, and the court subsequently rescheduled trial multiple times

for February 1, 2016, February 18, 2016, March 17, 2016, June 20, 2016, June 22, 2016, and October 18, 2016.

{¶3}   Mr. Roberts motioned the trial court for protective orders on August 8, 2016, and on October 11, 2016.  The trial court granted both motions and prohibited Ms. Roberts from taking the deposition of Dr. Mary Roafel and an additional deposition of Mr. Roberts, and prohibited the production of documentation related to any accounts after March 31, 2016.  In September 2016, Mr. Roberts motioned the court for a continuance, and trial was rescheduled for October 31, 2016.

{¶4}   On October 27, 2016, Ms. Roberts filed two motions to continue the trial, alleging that discovery of income and marital assets had not yet been completed and that the trial court indicated at the last pretrial conference that subpoenas could be issued to acquire information regarding whether Mr. Roberts was still receiving income from a previous employer or from other sources.  Mr. Roberts filed oppositions to the motions, and the trial court denied both of the motions.  The trial went forward beginning on October 31, 2016, and the trial court entered its decree of divorce on January 4, 2017.  Ms. Roberts now appeals, raising three assignments of error.

II.

ASSIGNMENT OF ERROR ONE

THE TRIAL COURT ERRED AND ABUSED ITS D[I]SCRETION BY DENYING MOTHER'S MOTIONS FOR CONTINUANCES OF THE FINAL HEARING IMPEDING MOTHER'S ATTEMPTS TO COMPLETE THE DISCOVERY PROCESS.

{¶5}   In her first assignment of error, Ms. Roberts argues the trial court erred in denying her motions to continue the trial because she was consequently unable to complete the discovery process.  We disagree.

{¶6} "The decision to grant or deny a continuance is within the discretion of the trial court, which must consider all of the circumstances surrounding the request." *State v. Starks*, 9th Dist. Summit No. 23622, 2008-Ohio-408, ¶ 9. "These include 'the length of the delay requested; whether other continuances have been requested and received; the inconvenience to litigants, witnesses, opposing counsel and the court; whether the requested delay is for legitimate reasons or whether it is dilatory, purposeful, or contrived; whether the defendant contributed to the circumstance which gives rise to the request for a continuance; and other relevant factors, depending on the unique facts of each case.'" *Id.*, quoting *State v. Unger*, 67 Ohio St.2d 65, 67-68 (1981). "This Court reviews a trial court's determination regarding a motion to continue trial for an abuse of discretion." *Id.* An abuse of discretion is more than an error of judgment; it means that the trial court was unreasonable, arbitrary, or unconscionable in its ruling. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983). When applying this standard, a reviewing court is precluded from simply substituting its own judgment for that of the trial court. *Pons v. Ohio State Med. Bd.*, 66 Ohio St.3d 619, 621 (1993).

{¶7} The trial court continued the original trial date of May 13, 2015, multiple times, including twice upon the motion of Ms. Roberts. The final two motions to continue filed by Ms. Roberts were filed four days before trial. The motions were made based upon discovery issues even though the discovery deadline had expired, no motions to compel discovery had been made or granted, and protective orders were already in place prohibiting the further deposition of Mr. Roberts and the further production of documentation related to any accounts after March 31, 2016. All of these factors weigh in favor of the denial of a continuance. Under these circumstances, we conclude there was no abuse of discretion by the trial court in its denial of Ms. Roberts' motions to continue the trial.

{¶8}     Ms. Roberts' first assignment of error is overruled.

ASSIGNMENT OF ERROR TWO

THE TRIAL COURT ERRED AND ABUSED ITS D[I]SCRETION BY
MAKING DETERMINATIONS ON SUPPORT AND DISTRIBUTION OF
MARITAL PROPERTY WITHOUT THE BENEFIT OF HAVING ALL OF
THE PARTIES' INCOME AND PROPERTY INFORMATION BEFORE THE
COURT.

{¶9}     In her second assignment of error, Ms. Roberts argues the trial court erred in making determinations on support and the distribution of marital property because it based its decisions on incomplete information due to the fact that it granted a protective order prohibiting discovery and denied her motions to continue the trial, which if granted, presumably would have allowed her to continue the discovery process. We disagree.

{¶10}   As we have already set forth, the trial court did not abuse its discretion in denying Ms. Roberts' motions to continue the trial. With regard to the issue of discovery, a trial court has the inherent authority to control its docket and to decide discovery matters. *Evans v. Sayers*, 4th Dist. Ross No. 04CA2783, 2005-Ohio-2135, ¶ 19; *Riggs v. Richard*, 5th Dist. Stark No. 2006CA00234, 2007-Ohio-490, ¶ 15; *Wooten v. Westfield Ins. Co.*, 181 Ohio App.3d 59, 2009-Ohio-494, ¶ 20 (8th Dist.). *See also State ex rel. Grandview Hosp. and Med. Ctr. v. Gorman*, 51 Ohio St.3d 94, 95 (1990) ("Trial courts have extensive jurisdiction and power over discovery."); *State ex rel. Citizens for Open, Responsive & Accountable Govt. v. Register*, 116 Ohio St.3d 88, 2007–Ohio–5542, ¶ 18 ("[C]ourts have broad discretion over discovery matters."). This Court will not reverse a trial court's decision concerning the regulation of its discovery proceedings absent an abuse of discretion. *Wayne Cty. Natl. Bank v. CFP Leasing Ltd. Partnership*, 9th Dist. Wayne No. 02CA0058, 2003–Ohio–2028, ¶ 8.

**{¶11}** As we have noted, the trial court granted protective orders upon the motion of Mr. Roberts prohibiting the deposition of Dr. Mary Roafel, the additional deposition of Mr. Roberts, and the production of documentation related to any accounts after March 31, 2016. Prior to the trial court's issuance of the protective orders, Ms. Roberts had ample time to both conduct discovery and to file any necessary motions to compel discovery. In addition, Ms. Roberts did not file a motion to compel the production of any outstanding discovery, and at the time the protection orders were granted, the case had been pending for over two years. It is well-established that a trial court has broad discretion over discovery, and this Court will not substitute our judgment for that of the trial court. We conclude the trial court was not unreasonable, arbitrary, or unconscionable in granting the protective orders or in denying Ms. Roberts' motions to continue the trial.

**{¶12}** Ms. Roberts' second assignment of error is overruled.

ASSIGNMENT OF ERROR THREE

THE TRIAL COURT ERRED AND ABUSED ITS D[I]SCRETION BY FAILING TO RULE ON MOTHER'S SUPPORT MOTIONS AND IN FAILING TO MAKE SUPPORT RETROACTIVE TO APRIL 17, 2014.

**{¶13}** In her third assignment of error, Ms. Roberts argues the trial court erred by failing to rule on her motions for spousal support and child support and by failing to make support retroactive to April 17, 2014. We disagree.

**{¶14}** Ms. Roberts filed a motion for spousal support and child support on November 4, 2015, on the grounds that the parties had exhausted the joint funds being used to support themselves and their children. Since the initiation of the divorce action, the parties had been using a joint account at PNC Bank for funds to support themselves and their children. After initially setting the motion for hearing, the trial court cancelled the hearing and indicated the

motion would be heard on the trial date, which at that time was set for January 19, 2016. Trial was subsequently continued multiple times.

{¶15} On June 22, 2016, Ms. Roberts filed a motion for child support, requesting that it be retroactively effective to November 4, 2015. On July 25, 2016, she filed a motion for spousal support and child support, requesting that it be retroactive to July 2015. At the trial commencing on October 31, 2106, Ms. Roberts addressed the issue of the still-pending motions, asking the trial court to "make a retroactive award * * * back and to the point of time that the PNC account was established – or extinguished, in essence." She further noted that it was "the agreement of the parties * * * that [Mr. Roberts] would deposit his [] payroll check into the PNC account; however * * * in September of 2015, [he] ceased so doing * * * [a]nd it's really at that point of time that the supposed temporary funds were extinguished, temporary support funds."

{¶16} A trial court's award of spousal support is reviewed for an abuse of discretion. *Organ v. Organ*, 9th Dist. Summit No. 26904, 2014-Ohio-3474, ¶ 6. Likewise, we apply an abuse of discretion standard to child support issues. *Ostmann v. Ostmann*, 168 Ohio App.3d 59, 2006-Ohio-3617, ¶ 38 (9th Dist.). We note that although the trial court deferred a ruling on Ms. Roberts' motions for spousal and child support until the entry of the divorce decree, it did not fail to make a ruling as is implied by the third assignment of error, and Ms. Roberts offers no argument to support a theory that the trial court erred in so delaying its ruling.

{¶17} As noted by the trial court in its decree of divorce, on March 1, 2016, the parties entered an agreed judgment entry adopting a shared parenting plan. In pertinent part, the plan provides that "[e]ffective the 1st day of October, 2016, William Scott Roberts shall pay as and for child support an amount to be hereafter determined by the Court, or agreed to by the parties * * *." Accordingly, the decree sets forth child support in the amount of $2,026.00 per month,

plus a 2.00% processing fee, to be paid by Mr. Roberts to Ms. Roberts effective October 1, 2016. The decree further noted Ms. Roberts' motions for retroactive child support and spousal support, and sets forth a "lump sum temporary spousal support" in the amount of $10,506.00, which the trial court calculated for the time period beginning June 1, 2015, and ending September 30, 2016, to be paid by Mr. Roberts to Ms. Roberts. The decree also sets forth spousal support in the amount of $2,117.00 per month, plus a 2.00% processing fee, for a term of 47 consecutive months commencing on October 1, 2016.

{¶18} In support of her third assignment of error, Ms. Roberts contends that the parties never agreed that child support would only go back to October 2016 as set forth in the shared parenting plan. She does not elaborate on this allegation, however, and provides no explanation as to why both parties signed off on the plan if they had not agreed to it. Ms. Roberts also contends that both child support and spousal support should have been retroactive to April 17, 2014, the date her complaint for divorce was initially filed. She sets forth no legal authority in support of this theory, and offers no explanation as to why she previously requested that support be retroactive to November 4, 2015, September 2015, and July 2015.

{¶19} We conclude the trial court did not abuse its discretion in failing to make support payments retroactive to the date of the filing of the complaint. The trial court's award of a lump sum temporary support payment accounted for the time period beginning on June 1, 2015, which is in fact at least one month earlier than any of the dates requested by Ms. Roberts in her motions to the trial court. With regard to child support, the decree sets forth payments beginning on October 1, 2106, as set forth in the shared parenting plan that was agreed to by the parties.

{¶20} The ruling of the trial court was not unreasonable, arbitrary, or unconscionable.

{¶21} Ms. Roberts' third assignment of error is overruled.

## III.

**{¶22}** Ms. Roberts' assignments of error are overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

_____

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

THOMAS A. TEODOSIO
FOR THE COURT

SCHAFER, P. J.
CALLAHAN, J.
CONCUR

APPEARANCES:

MICHAEL J. ASH, Attorney at Law, for Appellant.

TODD A. MAZZOLA, Attorney at Law, for Appellee.