[Cite as *Banks v. Edmundson*, 2022-Ohio-1353.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

| | |
|---|---|
| CHRISTOPHER BANKS | C.A. No. 21CA011713 |
| Appellant | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| CHRISTIAN D. EDMUNDSON | COURT OF COMMON PLEAS COUNTY OF LORAIN, OHIO |
| Appellee | CASE No. 18-CV-195420 |

DECISION AND JOURNAL ENTRY

Dated: April 25, 2022

SUTTON, Judge.

{¶1} Plaintiff-Appellant Christopher Banks appeals from the judgment of the Lorain County Court of Common Pleas. This Court affirms.

**I.**

{¶2} On October 31, 2017, Mr. Banks and his daughter were stopped at a stoplight when the vehicle they were traveling in was struck from behind by a vehicle driven by Defendant-Appellee Mr. Edmundson. As a result of the accident, Mr. Banks was treated at a local emergency room that evening.

{¶3} After receiving treatment at the emergency room, Mr. Banks followed up with his primary care physician. Mr. Banks testified that, subsequent to the emergency room visit, he continued to feel "achy," "uncomfortable," and was in "constant pain," not "too severe but [not] real mild, either." Five days later, Mr. Banks sought treatment from Dr. Jay-P Fite, D.C., a Doctor

of Chiropractic Medicine. Dr. Fite treated Mr. Banks for six weeks, and at the end of those six weeks, Mr. Banks reported he was pain-free.

{¶4} On June 4, 2018, Mr. Banks filed a negligence complaint against Mr. Edmundson, and, in sum, alleged Mr. Edmundson's negligence caused injuries to Mr. Banks. Mr. Banks sought damages from Mr. Edmundson in excess of $25,000.

{¶5} As the case proceeded to trial, Mr. Edmundson agreed to stipulate that he had negligently operated his vehicle by failing to maintain an assured clear distance ahead, and that his negligence caused the collision. Because the issue of negligence was stipulated to, the jury was only tasked with deciding issues related to damages.

{¶6} At trial, Mr. Banks presented three witnesses: himself, Dr. Fite, his treating chiropractor, and Dr. Vincent Simokovich, D.C., an expert witness. Mr. Edmundson presented no witnesses or evidence. Mr. Banks testified to a permanent injury. When asked to describe the nature of the permanent injury from the October 2017 accident, Mr. Banks stated that he had to stop playing basketball "momentarily," and that when doing landscaping around his home, "rocks * * * would be hard for [him] to pick up." Mr. Banks stated he could pick up rocks, but if he did, he would "feel the consequences of it later." Mr. Banks also added that "physical activity like trying to work out, certain exercises [were] a real task for [him] now." Additionally, Mr. Banks gave testimony indicating he was involved in a second automobile accident in April of 2018, subsequent to the first accident, but prior to filing the lawsuit against Mr. Edmundson. Mr. Banks testified that in the second accident he struck a deer weighing between 170-200 pounds at a rate of 55 m.p.h. on his way to work. After the accident involving the deer, he also sought treatment at an emergency room.

{¶7} Dr. Simokovich testified that in his expert opinion Mr. Banks had sustained a permanent injury as a result of the accident with Mr. Edmundson. Dr. Simokovich assessed the total body permanent injury to Mr. Banks to be five percent. On cross examination, Dr. Simokovich testified that five percent was the least amount he could assess when finding a permanent injury.

{¶8} The jury returned a verdict in favor of Mr. Banks. Through the four interrogatories served upon the jury, the jury: (1) found that Mr. Edmundson proximately caused injury to Mr. Banks; (2) awarded Mr. Banks $1,500 in past non-economic compensatory damages; (3) awarded Mr. Banks $3,500 in permanent non-economic compensatory damages; and (4) found the total amount of damages was $5,000. The trial court entered judgment on the jury's verdict on February 7, 2020.

{¶9} On March 6, 2020, Mr. Banks filed a motion for a new trial, titled "Motion for New Trial on Damages Only with Request for Hearing; In the Alternative, Motion for Additur with Request for Settlement Conference[.]" In that motion, Mr. Banks argued, pursuant to Civ.R. 59(A)(6), the trial court should grant Mr. Banks a new trial on the damages issue because the judgment was not supported by the weight of the evidence. Specifically, Mr. Banks argued the verdict was inadequate given the evidence of permanent injury presented.

{¶10} After the matter was fully briefed, the trial court issued an order denying Mr. Banks' motion for a new trial and request for additur. The trial court held:

> This case hinges on the evaluation of the evidence presented to the jury. This [c]ourt, having reviewed the arguments of counsel and evidence presented in support, cannot say that the jury's assessment of the damages was so overwhelmingly disproportionate as to shock reasonable sensibilities. [Mr. Banks] suffered a soft tissue injury as a result of a low impact collision. [Mr. Banks] completed chiropractic care over six weeks, and reported to be pain free at the end of sixteen sessions. [Mr. Banks] did not follow up with future care from his physician or chiropractor. The jury evaluated the testimony in finding past damages

and in finding for [Mr. Banks] for future permanent damages. The jury was free to believe all, part, or none of the testimony of each of the witnesses. The jury's verdict is supported by substantial, competent, credible evidence[.] [Mr. Banks'] Motion for a New Trial is not well-taken and is DENIED.

{¶11} It is from that order that Mr. Banks timely appealed, assigning one error for this Court's review.

## II.

### ASSIGNMENT OF ERROR

**THE JUDGMENT AS TO THE AMOUNT OF NONECONOMIC DAMAGES WAS INADEQUATE AS A MATTER OF LAW AND THE TRIAL COURT ERRED IN DENYING [MR. BANKS'] MOTION FOR NEW TRIAL ON DAMAGES ONLY WHERE, BASED ON UNREFUTED, UNCONTROVERTED EXPERT TESTIMONY AND EVIDENCE OF A PERMANENT SPINE INJURY, THE JURY FOUND PERMANENCY BUT AWARDED ONLY $3,500 [] AS COMPENSATION FOR [MR. BANKS'] 32 YEARS OF STATISTICAL EXPECTED LIFE.**

{¶12} In his sole assignment of error, Mr. Banks argues the trial court erred in denying his motion for a new trial because the jury award was inadequate as a matter of law. For the following reasons, we affirm the judgment of the trial court.

{¶13} "This Court's standard of review of an order denying a motion for a new trial depends upon the grounds of the motion. Depending upon the basis of the motion for a new trial, this Court will review a trial court's decision to grant or deny the motion under either a de novo or an abuse of discretion standard of review." *Windward Enterprises, Inc. v. Valley City Dev. Group LLC*, 9th Dist. Medina No. 18CA0001-M, 2019-Ohio-3419, ¶ 15, citing *Jackovic v. Webb*, 9th Dist. Summit No. 26555, 2013-Ohio-2520, ¶ 17.

{¶14} On appeal, Mr. Banks argues for a de novo standard of review pursuant to R.C. 2315.19(C) ("An appellate court shall use a de novo standard of review when considering an appeal of an award of compensatory damages for noneconomic loss on the grounds that the award is

inadequate or excessive."). R.C. 2315.19 provides a statutory framework by which a party can make a post-judgment motion for a new trial and request the trial court review the evidence to consider whether the verdict is in excess or inadequate. R.C. 2315.19 prescribes the type of review a trial court should undertake when considering such a motion, and also prescribes de novo appellate review.

{¶15} While Mr. Banks relies on R.C. 2315.19 in this appeal, he did not make his motion pursuant to R.C. 2315.19 in the trial court. Therefore, the trial court did not review his motion for a new trial pursuant to R.C. 2315.19(A). As previously indicated, Mr. Banks moved for a new trial below pursuant to Civ.R. 59(A)(6). Further, the trial court analyzed the motion pursuant to Civ.R. 59(A)(6). Mr. Banks now attempts to make his argument under R.C. 2315.19 for the first time on appeal. However, arguments that were not raised in the trial court cannot be raised for the first time on appeal. *JPMorgan Chase Bank, Natl. Assn. v. Burden*, 9th Dist. Summit No. 27104, 2014-Ohio-2746, ¶ 12.

{¶16} Accordingly, this Court's analysis is limited to whether the trial court abused its discretion in denying Mr. Banks' Civ.R. 59(A)(6) motion for a new trial. Mr. Banks has not made such an argument on appeal, and, thus, has failed to show any error in the trial court's judgment.

{¶17} Mr. Banks' sole assignment of error is overruled.

III.

{¶18} Mr. Banks' assignment of error is overruled. The judgment of the Lorain County Court of Common Pleas is affirmed.

Judgment affirmed.

6

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

BETTY SUTTON
FOR THE COURT

TEODOSIO, P. J.
HENSAL, J.
CONCUR.

APPEARANCES:

J. MICHAEL GOLDBERG, Attorney at Law, for Appellant.

KAREN A. PEREZ, Attorney at Law, for Appellee.