[Cite as *Allen v. Addi*, 2024-Ohio-2592.]

| STATE OF OHIO | ) | | IN THE COURT OF APPEALS |
|---|---|---|---|
| | )ss: | | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | | |

BENJAMIN P. ALLEN

    Appellant

    v.

MARY P. ADDI

    Appellee

C.A. No.    23CA012009

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF LORAIN, OHIO
CASE No.    18DR084392

DECISION AND JOURNAL ENTRY

Dated: July 8, 2024

STEVENSON, Judge.

{¶1} Plaintiff-Appellant Benjamin Allen ("Husband") appeals from the judgment of the Lorain County Common Pleas Court, Domestic Relations Division, that granted Defendant-Appellee Mary Addi ("Wife") a divorce from Husband. For the reasons set forth below, this Court affirms.

I.

{¶2} The parties were married on January 26, 2008. Husband filed a complaint for divorce in April 2018. Wife filed a counterclaim and the court entered mutual restraining orders on both Husband's complaint and Wife's counterclaim.

{¶3} Following a contested hearing in July 2018, the trial court ordered Husband to pay temporary spousal support to Wife. Shortly thereafter, Husband borrowed $22,047.01 from his 401(k) plan. A few days later, Husband resigned from his $115,000 per year position with National Association of College Stores, withdrew the remaining balance of $31,010.64 from his 401(k)

plan, and fled the United States to his native country of Turkey. In May 2019, Husband was found in contempt of the temporary orders and mutual restraining orders.

{¶4} Due to the coronavirus, the trial of this matter was continued to July 2020. The trial was rescheduled a number of times thereafter, including a last continuance due to Husband's alleged unavailability for medical reasons. The court set the matter for final hearing and ordered that no further continuances would be permitted absent the hospitalization of one of the parties or counsel. The court ordered the parties to appear in person for the trial, noting that Husband had over six months to make travel arrangements.

{¶5} The day before trial, Husband moved for yet another continuance, stating for cause that he had been hospitalized in Turkey for allegedly severe medical issues. The trial court denied Husband's motion, stating in its ruling that Husband never had any intention of attending the trial and that his motion was yet another frivolous delay tactic. The matter proceeded to trial with only Wife and her counsel present.

{¶6} The trial court issued a judgment entry of divorce. Thereafter Husband moved for a new trial which the trial court denied. Husband's initial appeal to this Court was dismissed for untimeliness but was later reinstated when Husband informed this Court that the trial court had denied his motion for new trial, which extended the time for appeal under App.R. 4(B)(2).

{¶7} On appeal, Husband asserts thirteen assignments of error for our review. We will address Husband's assignments of error out of order for ease of analysis.

II.

**ASSIGNMENT OF ERROR 8:**

**IT WAS [AN] ABUSE OF DISCRETION FOR THE TRIAL COURT TO DENY MY MOTION FOR CONTINUANCE OF THE FINAL DIVORCE TRIAL DUE TO MY HOSPITALIZATION.**

{¶8}    Husband argues that the trial court abused its discretion in denying his motion to continue the trial because he informed the court prior to trial that he was hospitalized, thus making his absence unavoidable. We disagree with Husband.

> The decision to grant or deny a continuance is within the discretion of the trial court, which must consider all of the circumstances surrounding the request. These include the length of the delay requested; whether other continuances have been requested and received; the inconvenience to litigants, witnesses, opposing counsel and the court; whether the requested delay is for legitimate reasons or whether it is dilatory, purposeful, or contrived; whether the defendant contributed to the circumstance which gives rise to the request for a continuance; and other relevant factors, depending on the unique facts of each case.

(Internal citations and quotations omitted.) *Roberts v. Roberts*, 9th Dist. Summit No. 28509, 2017-Ohio-8473, ¶ 6. "'There are no mechanical tests for deciding when a denial of a continuance is so arbitrary as to violate due process. The answer must be found in the circumstances present in every case, particularly in the reasons presented to the trial judge at the time the request is denied.'" *State v. Unger*, 67 Ohio St. 2d 65, 67 (1981), quoting *Ungar v. Sarafite*, 376 U.S. 575, 589 (1964).

{¶9}    We review a trial court's decision regarding a motion to continue trial under an abuse of discretion standard. *Roberts* at ¶ 6. An abuse of discretion is something more than an error of law or in the exercise of judgment, "it implies that the court's attitude is unreasonable, arbitrary or unconscionable." *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983). When applying this standard, a reviewing court is precluded from simply substituting its judgment for that of the trial court. *Pons v. Ohio State Med. Bd.*, 66 Ohio St.3d 619, 621 (1993).

{¶10}  Since *Blakemore*, the Ohio Supreme Court has provided additional guidance about the nature of an abuse of discretion:

> Stated differently, an abuse of discretion involves more than a difference in opinion: the term discretion itself involves the idea of choice, of an exercise of the will, of a determination made between competing considerations. For a court of appeals to reach an abuse-of-discretion determination, the trial court's judgment must be so profoundly and wholly violative of fact and reason that "'it evidences not the

exercise of will but perversity of will, not the exercise of judgment but defiance thereof, not the exercise of reason but rather of passion or bias.

(Internal citations and quotations omitted.) *State v. Weaver*, 171 Ohio St.3d 429, 2022-Ohio-4371, ¶ 24.

{¶11} As previously noted, throughout the litigation, the trial was continued multiple times at Husband's request. On April 1, 2022, six weeks prior to trial, Husband called Wife's counsel's office alleging medical issues that would prevent him from attending the trial. He did not request a continuance from the trial court at that time. The day before trial, Husband requested a continuance that was denied. His request was accompanied by a letter, written in Turkish, allegedly from a physician in Turkey. On the day of trial, Husband filed a pleading captioned "OPPOSITION TO THE JUDGE'S ORDERS" that opposed the trial court's denial of the continuance and included a request for yet another continuance. Attached thereto was a letter dated April 18, 2022, and purportedly signed by a physician, that outlined his medical condition and stated Husband could not travel. Thus, although Husband was aware of his alleged medical problems well in advance of trial, he waited until the eve of trial to seek a continuance.

{¶12} Other appellate courts that have addressed the issue of continuances requested for medical reasons considered it determinative in upholding the denial of a continuance that the movant's requests were medically uncorroborated and made on the eve of trial when the movant knew of his or her alleged condition well in advance. *See, e.g., Mentor Economic Assistance Corp. v. Eichels,* 11th Dist. Lake No. 2015-L-097, 2016-Ohio-1162, ¶ 20-21*; Hudson v. Ohio Dept. of Rehab. & Corr.,* 10th Dist. Franklin No. 04AP-562, 2004-Ohio-7203, ¶ 19.

{¶13} The trial court explained that, among other factors, it considered the following actions by the Husband: his numerous prior continuances and attempts to prolong the litigation; his violation of the temporary and mutual restraining orders; that he waited until the day prior to

trial to apprise the court of his alleged hospitalization despite almost two months prior notice; and the fact that the doctor's letter attached to the motion filed the day before trial was written in Turkish and thus did not readily corroborate Husband's condition. The trial court considered "'all of the circumstances surrounding [Husband's] request.'" *Roberts*, 9th Dist. Summit No. 28509, 2017-Ohio-8473, at ¶ 6. Accordingly, we cannot say the trial court's decision denying Husband's motion to continue was "so profoundly and wholly violative of fact and reason" that it abused its discretion. *Weaver*, 171 Ohio St. 3d 429, 2022-Ohio-4371, at ¶ 24. Husband's eighth assignment of error is overruled.

**ASSIGNMENT OF ERROR 7:**

**THE TRIAL COURT ERRED AS A MATTER OF LAW IN ITS DENIAL OF NEW TRIAL.**

**{¶14}** Husband argues that the trial court erred as a matter of law in denying his motion for new trial because it failed to require Wife to disclose all her financial information. We disagree.

**{¶15}** Husband has not properly invoked this Court's jurisdiction to challenge the trial court's decision denying his motion for new trial because he did not provide notice in accordance with App.R. 3(D) that he intended to appeal that decision. Under App.R. 3(D), the notice of appeal "shall designate the judgment, order or part thereof ap[p]ealed from * * *." In his notice of appeal, Husband wrote that he intended to appeal the trial court's "final judgment entered in this action on May 10, 2023." He did not include the motion for new trial in his notice of appeal. The order denying the motion for new trial on June 12, 2023, was final upon its entry and, pursuant to App.R. 4(A)(1), Husband needed to file a notice of appeal within 30 days of that order. Yet, Husband did not do so nor did he amend the original notice of appeal under App.R. 3(F) to include the denial of his motion for new trial.

{¶16} Because Husband has not perfected an appeal of the order denying his motion for new trial, we cannot consider his arguments related to that order. Accordingly, Husband's seventh assignment of error is overruled.

## ASSIGNMENT OF ERROR 1:

## TRIAL COURT ERRED BY DESTROYING EVIDENCE.

{¶17} Husband argues that the trial court tampered with evidence in violation of Sup.R. 26(F) and R.C. 2921.12 when it destroyed the ten exhibits admitted into evidence at the temporary orders hearing. Husband maintains that the trial court's alleged destruction of evidence denied him the opportunity to expose Wife's perjury and fraud upon the trial court.

{¶18} Husband's argument fails because he has not directed this Court to any place in the record demonstrating that the trial court destroyed the exhibits. In support of his argument, Husband references the "Response of Judge Swenski in Re Disqualification of Swenski, July 16, 2020 ***." However, pursuant to this Court's order dated December 21, 2023, which addressed Husband's motion to supplement the record, that document is not part of the record on appeal because it was not part of the record before the trial court. Our review is limited to the record of the proceedings in the trial court. App.R. 9; *Herron v. Herron*, 9th Dist. Summit No. 29683, 2021-Ohio-2223, ¶ 19. "When an appellant fails to support his assignment of error by citing to the *record* and pointing to case law to support the argument, this Court may disregard the argument in its entirety." (Emphasis added.) *State v. Nielsen*, 9th Dist. Medina No. 23CA0003-M, 2024-Ohio-617, ¶ 50, citing *Marquez v. Jackson*, 9th Dist. Lorain No. 16CA011049, 2018-Ohio-346, ¶ 21, citing App.R. 16(A)(7) and former Loc.R. 7(B)(7). Therefore, as Husband's argument is based on matters outside the record, it must fail.

{¶19} In addition, even presuming the exhibits were destroyed, Husband has failed to show that he was prejudiced in any way by the alleged destruction of evidence. He does not claim that the destruction of these exhibits has denied him the ability to argue any issue on appeal or how the trial would have resulted in a different decision if the records were preserved.

{¶20} Accordingly, based on the foregoing, Husband's first assignment of error is overruled.

**ASSIGNMENT OF ERROR 2:**

**TRIAL COURT ERRED BY AWARDING TEMPORARY SPOUSAL SUPPORT, SPOUSAL SUPPORT, AND BY DIVIDING PROPERTY WITHOUT DISCLOSURE.**

**ASSIGNMENT OF ERROR 3:**

**THE TRIAL COURT ERRED BY AWARDING TEMPORARY SPOUSAL SUPPORT WITHOUT FULL AND COMPLETE DISCLOSURE. ADDITIONALLY, TRIAL COURT ALSO FAILED TO HOLD A MODIFICATION HEARING REQUIRED BY OHIO CIV. R. 75(N)(2).**

**ASSIGNMENT OF ERROR 4:**

**THE TRIAL COURT ERRED BY AWARDING SPOUSAL SUPPORT WITHOUT FULL AND COMPLETE DISCLOSURE OF ALL RELEVANT FINANCIAL INFORMATION**.

{¶21} Husband's arguments under the second, third, and fourth assignments of error pertain to similar matters and will be addressed together. To the extent that the third assignment of error pertains to the division of property, that issue will be addressed under the fifth and sixth assignments of error.

**Temporary Spousal Support**

{¶22} Husband argues that the trial court's award of temporary spousal support is null and void because the trial court failed to require Wife to disclose all her income and assets. He also

argues that the trial court erred by not holding a hearing on his motion to modify support as required by Civ.R. 75(N). We disagree.

{¶23} "As this Court has consistently held, 'when a party fails to properly object to a magistrate's decision in accordance with Civ.R. 53(D)(3), the party has forfeited the right to assign those issues as error on appeal.'" *Drouhard v. Drouhard*, 9th Dist. Wayne No. 16AP0044, 2017-Ohio-7305, ¶ 20. Husband filed an objection to the magistrate's decision granting Wife temporary support, but his objection was dismissed for failure to comply with Civ.R. 53(D)(3)(b)(iii), which requires that an objection be supported by a transcript. Thus, Husband cannot be considered to have properly objected to the temporary order because he did not comply with Civ.R. 53(D)(3). *Drouhard* at ¶ 20.

{¶24} Husband later filed a motion to modify the temporary orders which the Magistrate denied. Husband did not object to the Magistrate's decision denying his motion to modify as required by Civ.R. 53(D) to preserve the matter for appeal purposes. *Drouhard* at ¶ 20. Even if we could somehow address the motion to modify, the basis of his motion was limited to contesting the amount of temporary support because he had experienced a loss of income. His motion did not address Wife's alleged failure to disclose her assets and income, which is the basis of his allegation on appeal. "[A]rguments that were not raised in the trial court cannot be raised for the first time on appeal." *Banks v. Edmundson*, 9th Dist. Lorain No. 21CA011713, 2022-Ohio-1353, ¶ 15.

{¶25} Accordingly, as Husband did not properly object to the temporary orders, failed to object to the Magistrate's decision denying his motion to modify, and the motion to modify did not address the assigned errors on appeal, he has forfeited any arguments related to the temporary orders for appeal purposes. Civ.R. 53(D); *Drouhard* at ¶ 20; *Banks* at ¶ 15.

{¶26} Husband also argues that the trial court failed to hold a hearing on his motion to modify temporary spousal support. The trial court's journal entry dated October 3, 2019, reflects that the court addressed Husband's motion to modify the temporary orders during a status conference on September 24, 2019, during which counsel were both present. Thus, the court heard the motion. Therefore, the record does not support Husband's allegation that a hearing was not held.

## Spousal Support

{¶27} Husband argues that the trial court erred by awarding spousal support without full and complete disclosure of Wife's income and assets. We disagree.

{¶28} The trial court is vested with broad discretion over matters of spousal support and its decision will not be disturbed absent an abuse of discretion. *Poitinger v. Poitinger*, 9th Dist. Summit No. 22240, 2005–Ohio–2680, at ¶ 7. A trial court must consider all the statutory factors for determining spousal support and not base its determination upon any one factor. *Organ v. Organ*, 9th Dist. Summit No. 26904, 2014-Ohio-3474, ¶ 15. Although the trial court must consider all the factors set forth in R.C. 3105.18(C)(1), it is not required to enumerate each one, "but must only provide a sufficient basis supporting its award." *Broida v. Broida*, 9th Dist. Summit No. 19968, 2001 WL 57174, *4 (Jan. 24, 2001). We utilize the abuse of discretion standard of review outlined previously.

{¶29} Here, the trial court stated in the decree of divorce that it "considered all of the relevant factors set forth in [R.C. 3105.18(C)(1)], * * * " then listed them, (a) through (m), as well as its particular findings regarding each one. Based on its review of those factors, the trial court ordered Husband to pay Wife $1,580 per month spousal support for 60 months subject to earlier termination upon the death of either party.

{¶30} Husband argues that even though the trial court stated that it had reviewed the R.C. 3105.18(C) factors, that review necessarily failed because the trial court did not consider certain assets that Wife had not disclosed. In support of his argument, Husband cites to sections 36 and 42 of the decree.

{¶31} Section 36 of the decree states:

**IT IS THEREFORE ORDERED, ADJUDGED AND DECREED** that [Wife] shall retain, free and clear of claim of [Husband], all savings accounts, checking accounts, mutual funds, annuities, stocks, bonds, IRA's, Certificates of Deposit, rents and other monetary interests and instruments held in her name.

{¶32} Section 42 states:

**IT IS THEREFORE ORDERED ADJUDGED AND DECREED** [Wife] shall retain, free and clear of [Husband], all retirement accounts, including, but not limited to any STRS, 401k, 403b, IRA, Deferred Compensation, Thrift Savings, ESOP, hourly pension, cash balance plan or other type of qualified retirement asset during the marriage, held in her name.

{¶33} Husband has mischaracterized the meaning of these provisions. The trial court included these provisions because it believed it was possible that Husband, not Wife, had failed to disclose assets such as those listed. The basis for that belief was that Husband had previously been found in contempt of the trial court's mutual restraining orders for fleeing to Turkey with Wife's 401(k) funds and for failing to pay temporary support as ordered. Due to Husband's failure to comply with Wife's discovery requests and failure to appear for trial, Wife was not able to prove any additional allegations of financial misconduct. Thus, by including this provision in the decree, the trial court was attempting to craft a remedy in case Wife later discovered any assets that were not disclosed during the divorce proceedings.

{¶34} Therefore, contrary to Husband's assertions, these provisions do not reference any actual accounts held by Wife; but rather, are boilerplate statements of the types of income and retirement accounts awarded to Wife in the event of any discovery of Husband's misconduct. This

is further clarified when read together with sections 35 and 41 of the decree which order that if Wife discovers the existence of an account of Husband's that was not disclosed or was concealed during the divorce, "she may seek an award of up to 3 times the value of the Account."

{¶35} Husband also alleges that the trial court failed to consider as a relevant factor his disability and health condition that renders him unable to work, as well as the fact that Wife is in good health and has misrepresented her various health problems. Husband does not reference any record evidence of a disability or health condition that he suffered from and that the trial court failed to take into consideration. Husband points to a medical report describing Wife's health condition and argues that it was part of the discovery exchanged between the parties and is therefore admissible. However, the trial court excluded that report because it had been stolen from Wife's personal computer. As the report was not admitted at trial, it is not part of the record on appeal.

{¶36} The trial court expressly considered all the R.C. 3105.18(C) factors in fashioning its spousal support award. Husband has not demonstrated that there was any evidence of record that the trial court failed to consider. Accordingly, Husband has failed to show that the trial court abused its discretion in making its spousal support award to Wife.

{¶37} Based on the foregoing, Husband's second, third, and fourth assignments of error are not well-taken and overruled.

### ASSIGNMENT OF ERROR 5:

**THE TRIAL COURT AS A MATTER OF LAW ERRED BY DIVIDING PROPERTY WITHOUT FULL AND COMPLETE DISCLOSURE OF ALL RELEVANT FINANCIAL INFORMATION.**

### ASSIGNMENT OF ERROR 6:

**THE TRIAL COURT ERRED AS A MATTER OF LAW BY FAILING TO DIVIDE MARITAL PROPERTY.**

**{¶38}** Under the fifth and sixth assignments of error, Husband argues that the trial court failed to divide certain assets and property. Husband also argues that the trial court's division of property was inequitable, resulting in a "manifestly disproportionate" award to Wife. Husband further asserts that the trial court awarded assets and property to Wife without requiring Wife's full disclosure.

**{¶39}** Under R.C. 3105.171(A)(3)(a)(i), "marital property" is only property that is "currently owned" by either or both spouses at the time of divorce. "Marital property" is to be divided equally unless an equal division is inequitable. *See Barlow v. Barlow,* 9th Dist. Wayne No. 08CA0055, 2009-Ohio-3788, ¶ 13.

**{¶40}** Husband claims that the following items were not divided: federal and state tax refunds between 2012 and 2017, a taxable disbursement in the amount of $16,000 from Wife's lawsuit, the Scott Trade account in the amount of $7,813, and the Indian Hollow Road property. The record shows that these assets were not owned by either party at the time of the divorce. The Indian Hollow Road property was sold prior to the filing of the divorce. The parties' tax refunds from 2012 to 2017 had been received prior to the divorce and were also not marital property at the time of the divorce. The funds from the settlement of Wife's lawsuit were received in 2016, prior to the divorce. To any extent that Husband alleges those funds were deposited into Wife's personal accounts, those funds were part of the division of property. The record contains no evidence of a Scott Trade account.

**{¶41}** Husband has provided no evidence that these assets are property that the parties owned at the time of the divorce. Therefore, they do not qualify as "marital property" under R.C. 3105.171. Since the assets are not "marital property," they are not subject to equitable division. *Barlow* at ¶ 13. Therefore, the trial court did not err in failing to divide them.

{¶42} Husband's argument regarding Wife's concealment of assets is the same one he made regarding the trial court's award of spousal support; that is, that sections 36 and 42 of the divorce decree contain a list of Wife's undisclosed assets and income. For the same reasons stated above, we again reject Husband's argument.

{¶43} As for Husband's argument that the division of property was "manifestly disproportionate," he states in support that the "trial court's misapplication of law renders its equitable division of marital and separate property void under R.C.[]3105.171." Husband fails to develop any argument on that issue. This single statement is his only argument. As such, it will not be considered. *State v. Franks*, 9th Dist. Summit No. 28533, 2017-Ohio-7045, ¶ 16 ("Where an appellant fails to develop an argument in support of his assignment of error, this Court will not create one for him.").

{¶44} Accordingly, Husband's fifth and sixth assignments of error are not well-taken and are overruled.

### ASSIGNMENT OF ERROR 9:

**THE TRIAL COURT MADE AN ERROR OF LAW BY NEITHER HOLDING A HEARING NOR RULING ON MOTIONS AT ALL.**

{¶45} In July 2019, Husband moved to vacate the trial court's order finding that he failed to purge his contempt for not paying Wife $57,127.02 and attorney fees of $13,484.50 in violation of the temporary and mutual restraining orders and sentencing him to 30 days in prison. Husband also filed a motion to show cause in September 2019, alleging that Wife had made death threats against him. Husband argues that the trial court erred to his prejudice by failing to hold hearings on those motions and by failing to rule on them within 120 days per Sup.R. 40(A)(3). Husband argues that this error deprived him of his right to defend himself and violated his due process rights. We disagree.

**{¶46}** First, Husband's reliance on Sup.R. 40(A)(3) is misplaced as the Ohio Rules of Superintendence are purely internal housekeeping rules and do not confer substantial rights upon a litigant. *In re Z.H.*, 9th Dist. Summit No. 26844, 2013-Ohio-3904, ¶ 16 ("Ohio courts have generally found that the Rules of Superintendence do not, absent specific mandate, create substantive rights in individuals or procedural law * * * [and] 'do not have the same legal standing' as the rules of practice and procedure, which must be presented to the legislature and have the effect of law.") Thus, Sup.R. 40(A)(3) does not support Husband's argument that the court violated his due process rights for failure to rule on the motions within 120 days.

**{¶47}** Husband is also mistaken in his assertion that the trial court was required to hold a hearing on his motions. "'[A] movant has no automatic right to a hearing on a motion for relief from judgment.'" *CitiMortgage, Inc. v. Dudek*, 9th Dist. Summit No. 25806, 2012-Ohio-899, ¶ 14 quoting *Aurora Loan Servs., L.L.C. v. Wilcox*, 2d Dist. Miami No.2009 CA 9, 2009–Ohio–4577, ¶ 15. "'It is an abuse of discretion for a trial court to overrule a Civ.R. 60(B) motion for relief from judgment without holding an evidentiary hearing *only if* the motion or supportive affidavits contain allegations of operative facts which would warrant relief under Civ.R. 60(B).(Emphasis added.)'" *Id.* The test for determining whether a party is entitled to relief under Civ.R. 60(B) is set forth in *GTE Automatic Elec., Inc. v. ARC Industries, Inc.* 47 Ohio St.2d 146 (1976), paragraph two of the syllabus. However, Husband makes no argument as to whether his motion alleges operative facts that would satisfy the requirements of the test in *GTE Automatic Elec., Inc.* Accordingly, Husband has not demonstrated that he was entitled to a hearing on his Civ.R. 60(B) motion for relief from judgment. *CitiMortgage, Inc.* at ¶ 14.

**{¶48}** Regarding the motion to show cause, Husband has provided no legal authorities whatsoever to support his contention that the court erred by failing to hold a hearing on the motion.

Therefore, Husband's argument is without merit. *See Nielsen*, 9th Dist. Medina No. 23CA0003-M, 2024-Ohio-617, at ¶ 50.

{¶49} Based on the foregoing, Husband's ninth assignment of error is overruled.

**ASSIGNMENT OF ERROR 10:**

**THE TRIAL COURT MAKE [SIC] ERRORS OF LAW UNDER OHIO CIV.R. 4.1 AND R.C.[]3105.73.**

{¶50} Husband argues here that the trial court erred to his prejudice by awarding Wife $15,000 "for the process server fee under the name of attorney fee * * * in addition to separately awarding her $36,152.02 for attorney fees and litigation expenses * * *." Husband's argument fails because it does not address whatsoever the character and purpose of the trial court's $15,000 award to Wife.

{¶51} Under section 29 of the decree of divorce, the trial court concluded that Husband committed financial misconduct that entitled Wife to a distributive award of $41,500. That sum included the remainder of Wife's equitable share of Husband's 401(k) plan ($26,500), as well as attorney fees of $15,000 that she incurred to intercept $14,000 of Husband's 401(k) funds from being wired to Turkey. The trial court found that Wife had to file numerous pleadings, including out of jurisdiction subpoenas, and seek legal assistance in Turkey because of Husband's misconduct. The trial court concluded that Husband's acts constituted wrongdoing under R.C. 3105.171(E)(4) and that Wife "sufficiently demonstrated that [Husband] has indeed dissipated, concealed and fraudulently disposed of marital assets during the pendency [of] the herein divorce action."

{¶52} Pursuant to R.C. 3105.171(E)(4), the trial court may compensate one spouse with a distributive award or a greater share of marital property if it finds that the other spouse "has

engaged in financial misconduct, including, but not limited to, the dissipation, destruction, concealment, nondisclosure, or fraudulent disposition of assets * * *."

> Financial misconduct under R.C. 3105.171(E)(4) necessarily implicates wrongdoing such as one spouse's interference with the other's property rights or the offending spouse's profiting from the misconduct. Thus, in the context of the statute, financial misconduct requires some element of wrongful intent or scienter[.] In order to determine whether financial misconduct occurred, a court must look to the reasons behind the questioned activity or the results of the activity and determine whether the wrongdoer profited from the activity or intentionally dissipated, destroyed, concealed, or fraudulently disposed of the other spouse's assets. The party alleging the existence of financial misconduct bears the burden of proof.

(Internal citations and quotations omitted.) *Kim v. Kim*, 9th Dist. Summit Nos. 28684, 29144, 2020-Ohio-22, ¶ 25.

{¶53} "When reviewing whether a trial court erred in its finding regarding financial misconduct, this court applies the manifest weight of the evidence standard." *Kim* at ¶ 26.

> When reviewing the manifest weight of the evidence, this Court weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the [finder of fact] clearly lost its way and created such a manifest miscarriage of justice that the [judgment] must be reversed and a new trial ordered.

*Mullett v. Mullett*, 9th Dist. Summit No. 28512, 2017-Ohio-7152, ¶ 18. Judgments supported by competent, credible evidence will not be overturned as being against the manifest weight of the evidence. *Seasons Coal Co.*, *Inc. v. City of Cleveland,* 10 Ohio St.3d 77, 80 (1984).

{¶54} Husband has made no argument that the trial court's distributive award for his financial misconduct was against the manifest weight of the evidence. Husband's single argument in support is that under Civ.R. 4.1, a process server cannot be Wife's attorney, which has nothing to do with the appropriateness of a distributive award for financial misconduct.

{¶55} As Husband has failed to meet his burden of proving that the trial court's judgment was not supported by competent, credible evidence, Husband's tenth assignment of error is without merit and overruled.

## ASSIGNMENT OF ERROR 11:

**THE TRIAL COURT ERRED IN ITS APPLICATION OF LAW UNDER R.C. 3105.011.**

{¶56} In his eleventh assignment of error, Husband alleges that the trial court "lack[ed] subject matter jurisdiction and ha[d] no authority to make any judgment or findings over an international criminal case." In support, he states that the trial court

> made an unprecedented finding that [sic] Gulen organization has been operating schools in the U.S. * * *. If the trial court had identified Gulenist operated schools, which [sic] U.S. government failed to find, [sic] trial court must disclose them. The findings of the trial court will have serous ramifications on [sic] international level.

{¶57} The trial court's references to the Gulen organization were contained in the "Findings" section of the decree of divorce and were noted simply as background information to explain how the parties met, and how Husband's Gulenist connection impacted his employment history and the parties' marriage. Those references did not constitute a judgment or finding related to any international criminal case and had no impact on the trial court's legal conclusions in the divorce decree. Therefore, even if Husband had somehow shown that the trial court's mention of this information was in error, it was harmless error as it did not affect Husband's substantial rights or the outcome of the trial. *In re T.A.F.*, 9th Dist. Medina No. 09CA0046-M, 2010-Ohio-3000, ¶ 19.

{¶58} Husband's eleventh assignment of error is not well-taken and is overruled.

## ASSIGNMENT OF ERROR 12:

**THE TRIAL COURT ERRED IN APPLICATION OF LAW UNDER OHIO CIV.R. 5.[A.][.]**

{¶59} Under this assignment of error, Husband maintains that Wife failed to serve him with court filings and notify him of new cases as required by Civ.R. 5 (A). Husband argues that this failure of service compromised his right to due process and undermined the integrity of the proceedings.

{¶60} Although Husband references Civ.R. 5(A) as requiring the service of pleadings subsequent to the complaint, he does not reference any specific pleadings that were not properly served upon him. The new case that was allegedly not served on him is what Husband calls a "writ of procedendo[.]" Husband claims it was filed in this Court. However, our own review of the record reveals that no such writ of procedendo has been filed.

{¶61} Once again, Husband has failed to direct this Court's attention to any portion of the record or any legal authorities in support of his argument, and instead, makes bald assertions without more. Therefore, his argument will not be considered nor will we develop an argument for him. *Nielsen*, 9th Dist. Medina No. 23CA0003-M, 2024-Ohio-617, at ¶ 50.

{¶62} Therefore, based on the foregoing, Husband's twelfth assignment of error is overruled.

### ASSIGNMENT OF ERROR 13:

### THE TRIAL COURT ERRED IN APPLICATION OF EX PARTE MOTION.

{¶63} Husband argues here that "[a]ll hearings to grant and review ex parte orders shall be on the record[,]" but "the trial court record does not contain any evidence that ex parte and review hearings were held by the trial court[,]" and "the transcripts of such hearings are unavailable * * *." He also argues that the trial court abused its discretion and erred as a matter of law when it granted Wife's emergency ex parte motion on January 8, 2019, regarding the listing and sale of the Aspen Court Property despite the lack of an actual emergency. We disagree.

{¶64} Husband claims that by failing to hold ex parte and review hearings, the trial court did not follow Lorain County Domestic Relations Court Local Rules 11(A)(3) and 11(E)(1) as in effect at the time of the trial of this matter.[1] Loc.R. 11(A)(3) requires in pertinent part that "[a]ll hearings to grant and to review ex parte orders shall be on the record." Although Husband argues that no hearings were held to "grant and review ex parte orders" he makes no references to any particular ex parte motions or orders that should have been set for hearing and reviewed but were not.

{¶65} Loc.R. 11(E)(1) stated that "[s]ervice of process of the motion and entry, with notice of hearing, shall be made by Sheriff's service or personal process server." Husband does not pinpoint any motions or entries that should have been served on him but were not. Even if we were to construe his argument as including the ex parte order that was granted on January 8, 2019, which he contests for other reasons, the docket reflects that it was served upon Wife the same day. Husband has not provided any evidence to show that service failed. *See Runyon v. Hawley*, 9th Dist. Lorain No. 17CA011141, 2018-Ohio-2444, ¶ 16 ("A defendant can rebut the presumption of proper service by presenting sufficient evidence, such as an affidavit, that service was not accomplished or received by the defendant.").

{¶66} As for the allegedly non-emergency ex parte motion that Husband claims the trial court improperly granted on January 8, 2019, the law that Husband cites in support, Ohio Jud. Cond. R. 2.9(A)(1), does not pertain to emergency ex parte orders. Instead, that rule pertains to a judge's communications outside the presence of the parties or their lawyers concerning a pending matter and does not support his argument.

---

[1] The Lorain County Domestic Relations Court Local Rules were later amended effective February 2, 2024.

**{¶67}** Husband's thirteenth assignment of error is overruled.

III.

**{¶68}** Accordingly, based on the foregoing, the judgment of the Lorain County Court of Common Pleas, Domestic Relations Division, is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

SCOT STEVENSON
FOR THE COURT

HENSAL, J.
SUTTON, J.
CONCU.R

APPEARANCES:

BENJAMIN P. ALLEN, pro se, Appellant.

ANTHONY R. PECORA and LOREYN R. MCKENZIE, Attorneys at Law, for Appellee.